Spann *vs.* Clark.

---

E. F. Spann, relator, *vs.* J. M. Clark, Judge of the Superior Courts of the Southwestern Circuit, respondent.

1. Under sections 3668 and 3650, of the Revised Code, a new trial in a criminal case may, under extraordinary cases, be moved for before a judge in vacation. Said sections are as follows: Section 3668, "All applications for a new trial, except in extraordinary cases, must be made during the term at which the trial was had, but may be heard, determined and returned in vacation." Section 3670, "In case of a motion for a new trial made after the adjournment of the Court, some good reason must be shown why the motion was not made during the term which shall be judged of by the Court."

2. When a motion is made for a new trial, which is overruled by the Judge, and a bill of exceptions is filed to his judgment in the case, and the same is duly signed by the Judge and filed in the office, as the law requires, it is the duty of the Judge, in a criminal case, if the crime for which the conviction is had, is punishable with death, to grant a *supersedeas* of the judgment until the hearing before this Court.

3. The granting of a *supersedeas* in such a case is a matter of course, and constitutes a part of the proceeding to bring the case before this Court and the granting of the same will, in a proper case, be enforced by *mandamus.*

4. In a *mandamus* to the Judge of the Superior Court, to compel him to sign or complete a bill of exceptions, this Court will look into the record, and if the case be one in which justice requires the *mandamus* to be made absolute, will so order.

Warner, Chief Justice, dissented.

Application for *mandamus.* New trial. Motion for in vacation. Criminal law. *Supersedeas.* Before the Supreme Court. July Term, 1872.

The petition of E. F. Spann, to the Supreme Court, for the writ of *mandamus,* set forth substantially the following

facts, to-wit: That petitioner was tried for the offense of murder at a special term of the Superior Court of Webster county, and found guilty; that petitioner was sentenced to be hung on the ..... day of July, 1872; that the Governor of the State postponed the execution of said sentence by an Executive order, until the 26th of July, 1872, in order to test the sanity of petitioner, it having been represented to him that petitioner .had become insane; that a trial upon said issue was had before the Ordinary of Webster county, and the jury found petitioner to be sane; that on July 23d, 1872, petitioner presented to the Honorable James M. Clark, the Judge who presided on the trial of his case at the special term aforesaid, his application for a new trial in the case of the State against petitioner, charged with the offense of murder; that said new trial was refused; that petitioner asked a *supersedeas* to the judgment under which he was to be executed on the 26th instant, which was refused; that petitioner presented a bill of exceptions to the said Judge on the 24th of July, 1872, which he certified and signed; that petioner filed said bill of exceptions in the clerk's office of the Superior Court of Webster county, and applied to said Judge for a *supersedeas* of the judgment, under which petitioner was to be executed, on the 26th instant, which was again refused; petitioner prays that the writ of *mandamus* may issue, directing said James M. Clark, Judge as aforesaid, to allow petitioner the *supersedeas* in his case until he can be heard before the Supreme Court on the errors alleged to have been committed.

On July 25th, 1872, the Supreme Court passed an order requiring the Honorable James M. Clark, Judge as aforesaid, to show cause on Tuesday, the 6th day of August next, why the *mandamus* prayed for should not be granted.*

The only material portions of the answer of said Judge, are as follows:

" If there was no error in refusing the motion for a new trial, there was no error in refusing the *supersedeas*. If the

*Note.—As Spann would have been hung before a hearing could be had on the answer of the Judge to the rule *nisi*, the Governor again postponed his execution by an Executive order.

Spann *vs.* Clark.

motion for a new trial had been made in term and refused, and the bill of exceptions tendered within thirty days, the duty of granting the *supersedeas* would have been imperative. It will be observed that the different sections of the Code, sections 4191–4203, inclusive, all refer to regular proceedings, that is, to a bill of exceptions 'to any sentence, judgment or decision or decree of such Court, or of the Judge thereof, in any matter heard at Chambers,' tendered within thirty days from the adjournment of the Court, or the date of the decision at Chambers, and not to the bills of exception filed irregularly and predicated upon irregular motions for new trials. The matters that can be heard at Chambers are specially defined in section 237 of the Code, and to hear and determine motions for new trials is not one of the 'matters' therein specified. By section 239 the Judge is prohibited from exercising any power out of term, except the authority is expressly granted. The 'decision at Chambers' has a technical meaning, and must be considered to refer to such matters as the Judge in vacation has power to pass upon and determine—such matters as are specially enumerated in section 237 and other sections and laws bearing upon that question. When such a decision is made at Chambers, or a judgment, sentence or decree rendered in term, then the duty of the Judge in signing and certifying bills of exception presented within thirty days, and granting a *supersedeas*, is imperative. If the bill of exceptions is true, and contains all the facts, the Judge 'shall sign and certify the same as such:' Code, section 4193, and 'if the offense is not bailable the Judge shall order a *supersedeas* at the time of filing the bill of exceptions.' * * *

It occurs to me that it is only mandatory upon the Judge to sign and certify the bill of exceptions, or to grant the *supersedeas* when the proceedings are all regular, and within the time prescribed by law, and such proceedings too as are contemplated by the Code. Such would seem to be a reasonable construction without violence to any section. In all cases like this, which are irregular and out of time, both the certifying and signing the bill of exceptions and granting the *supersedeas*

should be left, where in my judgment they are now left, to the sound discretion of the Judge. If he exercises that discretion wisely, the majesty of the law is vindicated; if he abuse it, the remedy is ample and complete. Any other rule would inflict manifest injury upon society by the protection it would give to criminals.      *      *      *      *      *

It has been suggested to me by an eminent counselor of this State, that there is no provision in the law for the consideration of a motion for a new trial by a Judge in vacation, unless the motion is made in term and an order granted to hear it in vacation. This suggestion is worthy of consideration. Part three, title eight, chapter one, of the Revised Code, nowhere alludes to new trials granted or heard by the Judge at Chambers, except section 3668, which prescribes for the hearing, determining and returning in vacation, when the motion is made in term. Section 3660 prescribes that new trials shall be granted by the Superior Courts only. Section 3661 gives power to the Superior Courts of the State to grant new trials. Section 3663 allows the Superior Courts to grant new trials when illegal evidence may be admitted, or legal evidence illegally withheld. Section 3670 directs that in case of a motion for a new trial after the adjournment of the Court some good reason must be shown why the motion was not made during the term, to be judged of by the Court. It would seem from these several sections that the Superior Court and not the Judge, in vacation, is the tribunal to hear and determine motions for new trials. A Judge out of term is not the Superior Court. This view is strengthened when we consider that by section 237 the power and authority of the Judges as Judges are not as Courts are, prescribed specially. It nowhere appears in that section that they have authority to hear and determine motions for new trials, and by section 239 they are prohibited from exercising any power out of term, except the authority is expressly granted.   *   *   *   *

It will be my pleasure cheerfully to abide by and perform the judgment of the Supreme Court in the premises, and hav-

ing fully answered, the respondent prays for the judgment of the Court in the premises."

The writ of *mandamus* was ordered by the Court to issue, and the opinions, as appear below, were delivered.

HAWKINS & GUERRY; PHIL. COOK; W. A. HAWKINS, for the relator.

C. F. CRISP, Solicitor General; N. J. HAMMOND, Attorney General, represented by L. E. BLECKLEY, for the respondent.

McCAY, Judge.

At the first reading of sections 3668 and 3670 of the Code, there arises, almost irresistibly, the impression that it was the intent of the law makers to authorize a motion for new trial, " under extraordinary circumstances," to be made in vacation. Section 3668, after providing for ordinary cases, and in terms requiring the motion in such cases to be made at the term at which the case was tried, expressly excepts " extraordinary cases" from this rule.   Section 3670 says: " In case a motion for a new trial is made after the adjournment of the Court," some good reason must be shown why it was not made " during the term."

As I have said, an ordinary reader would, from the words " after the adjournment of the Court," and " during the term," understand, " during vacation."   It is, however, argued that, by the practice at common law, and by our own practice previous to the adoption of the Code, motions for new trial were always made in term time, and that, as these sections of the Code do not expressly say the motion may be made in vacation, and as it is possible to give the language a meaning even so restricted, that it is proper to do so.   There is some plausibility in this view of the subject; but it seems to me the language of the Code does not get its full meaning if we only draw from it the right to move for a new trial at some term subsequent to the trial term.   The words in 3670 are not thus restricted; the words are, " after the adjournment of the

Court;" it does not add the words, "at which the case was tried." So, too, it says some reason must be given why the motion was 'not made "during the term;" it does not add, "at which the case was tried." Were these two sections one section, the words "after the adjournment of the Court" and "during the term" might, perhaps, be fairly understood as mere qualifications of the words, "all applications for a new trial must be made during the term at which the case was tried." But they are different sections; they do not even follow each other, and the intervening section treats of a different subject, to-wit: provides what Judge shall decide upon motions for new trial. Nor is there any special propriety in requiring motions for new trial, in *extraordinary cases,* to be moved for only in term time. There is *propriety* in requiring the motion, as a general rule, to be made at the term at which the case is tried. At common law, it had to be done before there was any action taken by the Court on the verdict—before judgment, and before the verdict complained of ceased to be the last action in the case. It is, besides, important that the motion shall be made whilst the facts are fresh, so that there shall be no misunderstanding as to the evidence or as to the rulings of the Court. It is important, too, for all parties to know when the dispute between them is settled by a final judgment. For all these reasons, there is special propriety that the motion should be made, "not in term time," especially, but during the term at which the case was tried.

But none of these reasons apply to a motion for extraordinary causes. The term has passed; the judgment has been entered; the gaining party—nay, both parties—suppose the case over. But new events have taken place. Some circumstances exist which render this rule unjust, and these circumstances present so strong a case as to justify non-attention to the strong considerations which make the general rule of requiring the motion to be made at the term at which the cause was tried. Judge Lumpkin says, the motion in extraordinary cases is instead of a bill in equity. What reason is there why *this motion* should not be made in vacation. It is but

a very poor substitute for a bill in equity, if it can only be made in term time. Even in civil cases, unless the plaintiff is stopped by injunction, or by *supersedeas,* the motion would be worth but little, as the property of the movant would be sold before the term came on. And in criminal cases, by far the most important, the accused would generally be, if the penalty was death, hanged before the motion could be made. The statute provides that all motions for new trial may be *heard in vacation.* In ordinary cases, they must be made during the term at which the case was tried. But if this term passes, and circumstances exist which make the motion proper, it seems to me there is just as much propriety in allowing the motion to be made as to be heard in vacation. In civil cases no great harm can come from requiring the motion to be made in term time only. The party complaining has his old remedy—a bill in equity—if there be any special reasons requiring speedy action, though, as we have seen, one of the objects of this section was to prevent the necessity of equitable interference.

But in criminal cases, the party complaining cannot go into equity, however strong may be the case he presents; however clear may be his right to a new trial, he must wait until the term; he must, perhaps, go on to submit to an ignominious punishment until the time fixed by law for the meeting of the Court, or if the penalty be death, he must lose his right altogether.

The only reply that I have heard to this is, that the Governor will interfere if injustice is about to be done. But the judiciary ought not to need Executive interference, in order to exercise its own granted functions. If there were no power to grant a new trial at all, the Executive functions might well be applied for. But a grant of a new trial is essentially a judicial act, and it ought not to need the Executive power to be complete. The law specifically authorizes motions to be made after the term has passed, and in my judgment it follows that it may be made in vacation when the circumstances show it to be necessary. We think, too, that the sections of the Code

referred to give this power to the Judge, and that section 239 of the Code does not, therefore, stand in the way.   We do not go into the merits of the case, further than that we see enough in the record to show that this motion is made in good faith.

As we recognize that this motion was made at a legal time, and as the Judge has heard it, and a bill of exceptions has been filed, we are of the opinion that a *supersedeas* ought to be granted.   By the old Act, a *supersedeas* in a criminal case was at the discretion of the Judge, but section 4203 of the Revised Code changes this rule, and it is the duty of the Judge to grant the *supersedeas* if he sign the bill of exceptions.   In this construction of section 4203, we all agree. The *supersedeas* is a part of the duty of the Judge, in his signing the bill of exceptions.   Such signing is not complete without it, and a *mandamus* will, therefore, lie to compel it.

As we have said, we express no opinion on the merits of this case.   We simply do not think the motion a sham; it presents questions that ought to be considered.   Were it a sham, we might refuse to exercise our power to grant a *mandamus*, as this Court has done in similar cases.

Writ of *mandamus* ordered to issue.

MONTGOMERY, Judge, concurred, but furnished no opinion.

WARNER, Chief Justice, dissenting.

At a special term of the Superior Court, held in the county of Webster, Spann was tried and found guilty of the crime of murder, and was sentenced to be executed within the time prescribed by law.   There was no motion made for a new trial in the case during the term of the Court at which the trial was had.   After the adjournment of the Court, and a few days before the defendant was to be executed, under the judgment and sentence of the Court, his counsel applied to the Judge of the Superior Court, in vacation, for a new trial, under the 3670th section of the Code.   On hearing the application for a new trial, the Judge refused to grant it, whereupon the counsel for defendant tendered a bill of exceptions, which

Spann *vs.* Clark.

was certified and signed by the Judge, but the Judge refused to order a *supersedeas* of the execution of the judgment of the Court. An application is now made to this Court for a *mandamus* to compel the Judge to grant an order superseding the execution of the judgment of the Court, and the question is, whether a Judge of the Superior Court, under the Constitution and laws of this State, has the power and authority to hear and entertain an original motion for a new trial in vacation.

By the Constitution, the Superior Courts of this State have the power and authority to grant new trials on legal grounds: The 3660th section of the Code declares that new trials can be granted by the *Superior Courts only*. The 3661st section declares that the several Superior Courts of this State shall have power to grant new trials, in any case *depending* in any of the said *Superior Courts*, in such manner and under such rules and regulations as they may establish, according to law and the usages and customs of Courts. The 3665th section provides that a new trial may be granted for newly discovered evidence after the rendition of the verdict, if it shall be brought to the notice of *the Court*, within the time now allowed by law for entering a motion for a new trial. The 3668th section of the Code declares that "all applications for a new trial, except in extraordinary cases, must be made *during the term* at which the trial was had, but may be heard, determined, and returned in vacation." The power and authority to grant new trials is, by the Constitution and laws of this State, conferred on the *Superior Courts*. What is a Court as defined by the common law? A Court is a place *wherein* justice is judicially administered—and we all know what is necessary to constitute *a Court*. The term "Court," as used in the Constitution and laws of the State, must be understood in its legal sense, as defined by the common law. The distinction between the power and authority of the *Superior Court* as such, and the power and authority of *a Judge* of the Superior Court, is clearly marked and defined in the 236th, 237th and 239th sections of the Code. The latter section declares,

that said Judges of the Superior Courts cannot exercise any power *out of term time*, except the authority is *expressly granted*, but they may, by order granted *in term*, render a judgment in vacation. Now, if a Judge of the Superior Court has any power or authority delegated to him by the Constitution and laws of this State to hear an original motion for a new trial, out of term time in vacation, and determine the same, it has escaped my observation after the most diligent examination. It is claimed that a Judge of the Superior Court has this power under the 3670th section of the Code, which declares, that in case of a motion for a new trial, made after the adjournment of the Court, some good reason must be shown why the motion was not made during the term, which shall be judged of by *the Court*. In all such cases *twenty days' notice* shall be given to the opposite party. In view of the fact, that the power and authority to grant a motion for a new trial is vested in the *Superior Court*, and not in *the Judges* of that Court, in vacation, what is the fair and legitimate construction to be given to that section of the Code? The general rule is as prescribed by the 3668th section, that all applications for new trials must be made at the term of *the Court* at which the trial was had; but in extraordinary cases, a motion for a new trial may be made after the adjournment of the Court at which the trial was had on giving twenty days' notice to the opposite party— *where made*, to the Judge in vacation, who has no power or authority to hear the motion, or to the next term of the *Superior Court*, which has power and authority to hear it? The answer is to be found in the section itself, when it declares that the motion for the new trial shall be judged of by *the Court*, as contradistinguished from *the Judge* of the Superior Court in vacation. The natural and reasonable interpretation of this section would seem to be that the application for the new trial, should be made to *the Court*, that is, to the Judge of it. Can it really be supposed that the application for a new trial in extraordinary cases was to be made to a Judge in vacation, who had no power or authority to grant it under the Constitution and laws of the State? Such a conclusion

Spann *vs.* Clark.

would seem to be unreasonable, the more especially when the, merits of the application are to be judged of by *the Court* which has the power and authority to grant a motion for a new trial; besides, the Superior Courts *only* have the power and authority to grant new trials in causes depending in said Courts, according to law, and the usages and customs of Courts. The usages and customs of all Courts, both in England and this country, is to make a motion for a new trial in the Court where the records and proceedings of the original trial are, and not to the Judge in vacation, who has not the records of the Court before him, and this applies as well to motions for a new trial in extraordinary cases as to all others. It would be a *legal anomaly* to make a motion for a new trial out of the Court in which the record of the first trial was kept. Such a proceeding would not be according to the usage and customs of Courts.

A Judge, in vacation, has no more power or authority to hear an original motion for a new trial in *extraordinary* cases than in any other. It was suggested, on the argument, that if the Judge could not exercise the power claimed in vacation, there would be a failure of justice in extraordinary cases like the one now before us, that the defendant would be executed before the next term of the Superior Court. The reply is, that if there is any merit in the application for a new trial, the defendant could apply to the Executive for a reprieve of the execution of his sentence until after the next term of the Superior Court, so that his motion for a new trial could be heard and decided; and the legal presumption is, that the Executive would grant his petition, but if, in the opinion of the Executive, there was no good reason why the judgment of the Court should not be executed, then his application would be refused; there would not necessarily be any failure of justice. But there is another view of this question to be considered: if the Judge of the Superior Court may, in vacation, hear an original motion for a new trial in such cases, the execution of the public laws of the State would be obstructed, if not entirely frustrated. The criminal, a few days before the

execution of his sentence, would apply to the Judge, in vacation, for a new trial, and if refused, file his bill of exceptions, obtain a *supersedeas* and bring his case to this Court, and if the judgment should be affirmed, he would again repeat the experiment, for some extraordinary reason, and in that way defeat the execution of the criminal laws of the State; for what is there that a man will not give, or do, to save his own life? The law is right as it now stands, and ought not to be otherwise, in my judgment: See *Johnson vs. Bemis,* 4 *Georgia Reports,* 157. Inasmuch as the Judge of the Superior Court had no power or authority, under the Constitution and laws of this State, to grant and decide an original motion for a new trial, in vacation, the whole proceedings before him, in relation to that matter, were null and void, and the *mandamus* prayed for should be refused. But if the Judge did have the power and authority to entertain and decide the motion for a new trial in vacation, as the majority of the Court hold that he did, then when he signed the bill of exception tendered, he ought to have granted. the *supersedeas,* as required by the 4203d section of the Code.