Malone *vs.* Hopkins.

MILTON MALONE, relator, *vs.* Honorable JOHN L. HOPKINS, Judge of the Superior Courts of the Atlanta Circuit, respondent.

1. Where a motion for a new trial was made at the term of the Court at which the verdict complained of was rendered, and was overruled, which decision was affirmed by this Court, to authorize a second motion, such an extraordinary state of facts would be required as would probably produce a different result, if a new trial should be granted; and such extraordinary state of facts must have been unknown to the defendant or his counsel, at the time of the first motion, and impossible to have been ascertained by the exercise of proper diligence for that purpose.

2. The signing of the bill of exceptions would necessarily make it the duty of the Judge to grant a *supersedeas* of the judgment of the Court.

3. There being no extraordinary facts set forth in the second motion for a new trial which would entitle the defendant to another hearing, the application for a *mandamus* to compel the Judge's certificate to the bill of exceptions, is refused.

New trial. Bill of exceptions. *Mandamus.* Practice in the Supreme Court. Before the Supreme Court. July Term, 1873.

Malone petitioned the Supreme Court for a *mandamus nisi* requiring the Honorable JOHN L. HOPKINS, Judge of the Superior Courts of the Atlanta Circuit, to show cause why a *mandamus* absolute should not issue directing him to certify the bill of exceptions presented to his decision refusing a new trial in the case of the State against petitioner, lately pending in Fulton Superior Court.

The motion for a new trial was as follows: