RAWLINS *et al. v.* MITCHELL, judge.

1. Upon an application for mandamus to compel a judge to certify a bill of exceptions assigning error upon his refusal to entertain a motion to set aside a judgment in a criminal case, presented at a term subsequent to the term at which the judgment was rendered, and after an affirmance by the Supreme Court of a judgment overruling a motion for a new trial, the merits of the motion to set aside the judgment will be inquired into, and a mandamus nisi will not be granted when it appears that the motion to set aside the judgment is wholly without merit.

2. It has never been the practice in this State to enter on the record the fact that the prisoner and his counsel were present when the verdict was rendered, and when the sentence was pronounced, and from arraignment to sentence, or that the prisoner was asked, before sentence, whether there was any reason why sentence should not be pronounced upon him. The silence of the record as to such facts is, therefore, no cause for arresting the judgment or setting it aside.

Argued and decided November 28, 1906.

Application for mandamus.

J. G. Rawlins, Milton Rawlins, and Jesse Rawlins applied to the Supreme Court for mandamus against the judge of the superior court of Lowndes county. From their petition it appeared, that in July, 1905, they were tried in the superior court of that county for murder, and were sentenced to death, and that on November 26, 1906, they tendered to the judge a motion to set aside the judgments

and sentences against them, but he refused to entertain it, and refused to certify their bill of exceptions to his refusal to entertain the motion. They prayed that he be required to hear the motion and to sign the bill of exceptions. The grounds of that motion were: (1) Said judgments and sentences fail to show upon the face of the record that the defendants or their counsel were present in court at the time of the rendition of the same. (2) It does not appear upon the face of the verdict, or in the record in the case, or upon the minutes of the court, that the defendants and their counsel were present in court at the time of the rendition of the verdict. (3) The judgments and sentences against the defendants fail to show that at the time of the rendition thereof the defendants and their counsel were asked by the court if they had aught in law to urge against the imposition of the sentence; and the record in the case fails to show that the defendants and their counsel were present in court during every step of its progress, and during every step of the trial, from arraignment to sentence. The movants contend, that, for the reasons stated, the judgments are void; that it was essential to due process of law that the record should affirmatively show these facts; and that the failure of the record to show them was a denial of their rights under the constitution of the United States, and especially under the fourteenth amendment thereof. Prior to this motion each of the defendants moved for a new trial, and on November 8, 1905, judgments overruling their motions for a new trial were affirmed by the Supreme Court. (124 Ga. 31.)

John R. Cooper, for movants.

COBB, P. J. 1. When a case has been tried in the superior court and a verdict rendered therein, the losing party is entitled to make a motion for a new trial, and to bring to this court for review the decision of the judge overruling the motion; or, in some cases, he is authorized to file a direct bill of exceptions, complaining of rulings pendente lite and of the final judgment in the case. When a bill of exceptions, in such cases, is tendered to the judge, and the averments therein are true, it is the duty of the judge to certify the same, in order that the case may be brought to this court, according to the usual practice governing such matters. When in such a case the judge refuses to certify the bill of exceptions, and an application for mandamus is made to this court to compel him to

certify the same, the only question that will be determined on such application is whether the bill of exceptions is in due form and it is shown by the petition for mandamus that the averments therein are true. The merits of the assignments of error therein will not be dealt with. In such cases it is immaterial whether the assignments of error are meritorious. The case must reach the Supreme Court in the ordinary way. *Taylor* v. *Reese*, 108 *Ga.* 379. While in the case just cited some very broad language is used by Mr. Presiding Justice Lumpkin in the opinion, the case that he was then dealing with must be kept in mind, and it was a case where the first bill of exceptions after a trial and verdict was tendered to the judge. It is worthy of remark, in passing, that it afterwards developed that the bill of exceptions presented a meritorious case, the judgment being reversed when the case was finally passed upon by this court. See *Taylor* v. *State*, 108 *Ga.* 384. It may be laid down, then, as a general rule, that it is the duty of the judge of the superior court to certify the first bill of exceptions that is tendered to him after a trial and verdict in the case, and that this court will not, on an application for mandamus to compel such judge to certify the bill of exceptions, inquire into the merits of the case.

In *Cox* v. *Hillyer*, 65 *Ga.* 57, Mr. Chief Justice Warner said, in the opinion: "The general rule undoubtedly is that when a motion for a new trial in a criminal case has been overruled in the court below and brought to this court on a bill of exceptions, and the judgment of the court below is affirmed, no second bill of exceptions in that case can be allowed or granted." The learned Chief Justice then remarked that the only exception to this rule is in case of an extraordinary motion for a new trial. This language is too broad; for there may be other exceptions to this general rule, as will be seen from what will hereafter be said. In the case of *Malone* v. *Hopkins*, 49 *Ga.* 221, the rule was laid down, that when a judge refuses to sign a bill of exceptions complaining of a ruling of the judge upon an extraordinary motion for a new trial, the Supreme Court will not by mandamus compel the judge to sign the bill of exceptions when it appears that the grounds of the motion are without merit. This rule has been steadfastly adhered to. See *Harris* v. *Roan*, 119 *Ga.* 379 (6), and cit. It will be seen that there are two classes of cases relating to the duty and authority of this court upon an application for a mandamus to compel the

judge to certify to a bill of exceptions.　If it is the first bill of exceptions after verdict, the merits of the case will not be considered upon the application for mandamus.　If it is upon a ruling relating to an extraordinary motion for a new trial, the merits of the motion will be inquired into, and the mandamus will not be granted unless the motion is based upon meritorious grounds.

The case now under consideration is not a case of the first bill of exceptions after verdict, for two of the applicants have already prosecuted two writs of error to this court, and the other applicant has prosecuted one.　Neither is this case one relating to an extraordinary motion for new trial.　But it is to a ruling relating to a motion to set aside a judgment made after the term at which the judgment was rendered, but within three years from the date of the judgment.　Shall a case of this character be classed with those which are embraced in the rule in *Taylor* v. *Reese,* supra, or shall it be classed with those embraced in the rule laid down in *Malone* v. *Hopkins,* supra, and the numerous cases following it? The reason at the foundation of the latter class of cases is undoubtedly that there must be a termination of a criminal case; and while no party will be deprived of a hearing on the merits of his case, no matter what may be its character, whether an extraordinary motion for a new trial, motion to set aside a judgment, or other proceeding after verdict, the judge of the superior court will not be compelled to certify a bill of exceptions in such proceeding unless it is made to appear to this court that the applicant has been denied some right guaranteed to him by law.　While he is not given the right to be heard on a bill of exceptions coming to the Supreme Court in the ordinary way, he will be heard on the merits of his motion, whatever it may be, when the application for mandamus is made, and any rights guaranteed him under the law of the land will be vouchsafed to him by this court.　But the case will not be prolonged by requiring the bill of exceptions to be certified, when it is apparent from the averments of the petition for mandamus and the bill of exceptions that an affirmance of the judgment complained of would in any event be the inevitable result.　In such cases, if there is no merit whatever in the motion made, or in the proceedings instituted in the superior court, the judge will not be compelled to certify the bill of exceptions in order that the case may be brought to this court.　If there is merit, the judge will be.com-

pelled to certify the bill of exceptions. No matter what may be the delay incident thereto, the party will be heard in the ordinary and usual way. When there is no merit, the mandamus nisi will be refused. When there is merit, the mandamus nisi will be issued. If the case presented by the application is close and doubtful, the court in its discretion may grant a mandamus nisi. When these rules are applied, the defendant is not deprived of any right under the law, or of the privilege of being heard as to the existence of any right claimed. He may make his case in his application for mandamus, and if he fails to make a case which is meritorious, the refusal of the mandamus nisi is a judgment by the very court which would determine the question in the event the bill of exceptions was certified and the case brought up in the ordinary way. In passing upon the question of whether the mandamus nisi should issue in the present case, we think it our duty to inquire into the merits of the motion filed by the applicants in the superior court.

There is nothing in the ruling now made which conflicts with the decision in *Sears* v. *Candler,* 112 *Ga.* 381. That was an application for an inquisition of insanity after sentence, and the judge was required by mandamus to sign the bill of exceptions complaining of his refusal to entertain the application. Such an inquisition is no part of the trial of the accused, and has no connection with the same. See, in this connection, *Baughn* v. *State,* 100 *Ga.* 554, and cit.; *Cribb* v. *Parker,* 119 *Ga.* 298. The ruling now made is in line with the view of the majority of the court in *Willis* v. *Felton,* 119 *Ga.* 634. The writer dissented in that case on the idea that the case of *Taylor* v. *Reese,* supra, was controlling; but upon further reflection and investigation he is of the opinion that that case did not go to the extent then contended for, and he is, therefore, prepared to concur in the view above set forth.

2. It is alleged, in the motion to set aside the judgment, that the judgment is invalid for the reason that it does not appear upon the face of the record in the case, or upon the minutes of the court, that the defendants or their counsel were present in court at the time of the rendition of the verdict, or at the time of imposition of sentence, or that they were present in court during every stage of the case from arraignment to sentence. The motion does not allege that the defendants or their counsel were absent at any time during the progress of the case from its inception to its conclusion. The

contention is that the sentence is invalid unless it affirmatively appears from the record that the defendants and their counsel were present at every stage of the case. In *Smith* v. *State*, 60 *Ga.* 430, it was said: "It has never been the practice in this State to enter on the record the fact that the prisoner and his counsel were present when sentence was pronounced; and the silence of the record as to such fact is no cause for arresting judgment or setting it aside." The reason for this rule is said by Judge Bleckley to be, that "whenever any act or proceeding is recorded as taking place in a criminal case, the presence of the prisoner and his counsel, though not noted expressly, is included in each entry by a kind of implication; or so it is deemed, so long as the fact is not negatived by the record, or by some appropriate evidence aliunde." In *Franks* v. *State*, 120 *Ga.* 495, the ruling in *Smith* v. *State*, supra, is followed, and it is there held that it is not necessary that the record should affirmatively show the presence of the accused, and the silence of the record is therefore no reason for arresting the judgment or setting it aside.

Another ground of the motion to set aside the judgment is that it does not affirmatively appear from the record that the defendants or their counsel were asked if they had anything to say why sentence should not be passed, the record failing to show that the defendants or their counsel at the time of the imposition of the sentence were permitted to urge any reason against the imposition of the same. There are undoubtedly early cases in which it has been held that if judgment be passed on indictment without any demand of what the party has to say, it is erroneous. See English cases cited in *Grady* v. *State*, 11 *Ga.* 258. This is probably the rule in some jurisdictions in this country at this time. But it was held by this court in the case just cited that in minor felonies the omission of the demand would not be a sufficient reason for reversing the judgment, if it appeared that the prisoner and his counsel were both in court and urged nothing in arrest of the judgment or in mitigation of their guilt. In the case of *Sarah* (a slave) v. *State*, 28 *Ga.* 576, it was held that the omission of the court to ask the prisoner if she had anything to say why sentence should not be passed is not such an error as would entitle the accused to a new trial. The accused was charged with an attempt to poison, and such an offense was, when committed by a slave, punishable by

death, unless the judge should see fit to inflict a milder punishment. In that case a milder punishment was in fact inflicted. It is not necessary to determine whether the case just cited was a capital case, or whether in a capital case the inquiry as to whether the accused had aught to say why sentence should not be pronounced is essential to the validity of the judgment. The record is silent as to whether this inquiry was made. If such inquiry was indispensable to the validity of the judgment, it will be assumed that the inquiry was made, until the contrary appears. The ruling in *Franks* v. *State,* supra, is directly in point on this question. The motion to set aside the judgment is wholly without merit. The judge did not err in declining to entertain it, or in refusing to grant a rule nisi. *Mandamus nisi denied. All the Justices concur.*

EVANS, LUMPKIN, and ATKINSON, JJ., concurring. We concur in the ruling in this case, and the result reached. We think, however, that, while generally a first bill of exceptions which is true and duly prepared and presented in accordance with law, and which assigns error on a final judgment, should be signed, yet it is not an arbitrary and invariable rule that this court will by mandamus compel the signing even of a first bill of exceptions, wholly regardless of what it contains. In *Taylor* v. *Reese,* 108 *Ga.* 379 (2), the point actually involved and decided was, that when the refusal of a judge to certify a bill of exceptions, tendered to him in a criminal case in which no motion for a new trial had been made, was based solely upon the ground that, in his opinion, he had, in the absence of such a motion, no authority to certify the bill of exceptions, on the hearing of an application for mandamus the merits of the questions presented by the bill of exceptions were not involved, and the mandamus absolute would be granted without inquiring into them.