LANDERS *v.* COBB, Judge.

PER CURIAM. An extraordinary motion for a new trial was predicated on the ground of alleged newly discovered evidence to the effect that the foreman of the jury trying the case which found the movant guilty was an incompetent juror, because of the fact that before his selection as a juror he had made certain declarations which clearly showed that he was not a fair juror, but was biased and prejudiced against the movant; and that after the trial another juror who had tried the case made an affidavit to the effect that the foreman of the jury had stated, in the jury-room while the verdict was being considered, that if the movant was not found guilty of murder without a recommendation he would be hanged by a mob, and that the juror making the affidavit as to such statement by the foreman was induced thereby to agree to the verdict. Four disinterested persons made affidavits as to the declarations of the foreman of the jury, made prior to the trial, showing, if true, his incompetency; and they deposed that such declarations were made to affiants separately and on different occasions. Numerous affidavits were made by citizens of the community in which such four affiants resided, as to their good character and their reputable associates where they lived. The foreman of the jury, whose competency was so attacked, made an affidavit denying that he had made any of the declarations set out in the affidavits of the four persons by whom it was sought to prove his incompetency; and affidavits of citizens of his county were submitted as to his good character and standing in the community. The affidavit of the juror which sought to impeach the verdict was held by the judge, upon hearing the motion, to be incompetent evidence, and was not considered. The motion for a new trial was overruled. A bill of exceptions was duly presented to the judge during the term at which the new trial was refused, complaining of the refusal. The judge refused to certify the bill of exceptions, using this language: " I decline to sign and certify this bill of exceptions, as the assignments of error therein are, in my opinion, without merit; the grounds of the extraordinary motion upon which the bill of

exceptions is based being, in my opinion, without merit." Whereupon the movant petitioned the Supreme Court for a mandamus requiring the judge to certify the bill of exceptions. *Held:*

1. Upon an application for a mandamus to compel the trial judge to certify to a bill of exceptions, the merits of the case will not be considered, if it be the first bill of exceptions after verdict; but if it is upon a ruling relating to an extraordinary motion for a new trial, the merits of the motion will be inquired into, and the mandamus will not be granted unless the motion is based upon meritorious grounds. *Rawlins* v. *Mitchell,* 127 *Ga.* 24-27 (55 S. E. 958).

2. "The affidavits of jurors may be taken to sustain, but not to impeach their verdict." Civil Code, § 5933. It was not error, therefore, to exclude the affidavit of the juror made for the purpose of impeaching the verdict.

3. This court can not hold that the trial judge, in considering the affidavits attacking the competency of the foreman of the jury, and the affidavits sustaining his competency, abused his discretion in refusing to grant a new trial on the extraordinary motion therefor. *Thompson* v. *State,* 147 *Ga.* 745 (3) (95 S. E. 292). It follows that the judge was authorized to decline to certify the bill of exceptions. Accordingly, this court refuses to grant a nisi upon the application for mandamus.

*Mandamus nisi refused.*

No. 1938. MARCH 11, 1920.

Application for mandamus (original).

*Wolver M. Smith, Thomas & Thomas,* and *John B. Gamble,* for applicant.