### 11898. ANTONOPOULAS *v.* BLACK, judge.

BROYLES, C. J. 1. Where one convicted of a capital felony has filed a certified bill of exceptions to the judgment overruling his motion for a new trial, the granting of a supersedeas is a matter of course, and can be enforced by mandamus. *Spann* v. *Clark,* 47 *Ga.* 369; *Malone* v. *Hopkins,* 49 *Ga.* 221. Where, however, there is a conviction of a lesser offense, the filing of such a bill of exceptions does not operate as a supersedeas and the judge is not *required* to order a supersedeas until the defendant has given bond in a sum fixed by the judge or has filed an affidavit in forma pauperis. Penal Code (1910), § 1104.

2. On an application for mandamus to compel the trial judge to grant a supersedeas of the judgment in a case in which there has been a conviction of a crime other than a capital felony, where it appears that a certified bill of exceptions was duly filed, but that no bond was given nor pauper's affidavit filed, the application must be denied.

46

(a) This ruling is not affected by the fact that the judge refused to assess the amount of the supersedeas bond, since the Supreme Court in *Fountain* v. *Crum*, 148 *Ga.* 272 (96 S. E. 337), ruled that this court is without jurisdiction to issue a mandamus to compel the judge to assess the amount of a bond in such a case.

*Mandamus nisi denied.    Bloodworth, J., concurs.    Luke, J., absent on account of illness.*

DECIDED OCTOBER 20, 1920.

Application for mandamus.

*C. Vernon Elliott, Callaway & Howard,* for plaintiff.