## 11930.  ANTONOPOULAS *v.* THE STATE.

In any criminal case where a bill of exceptions has been certified and filed, and the judge in the exercise of his discretion determines that the case is not a bailable one, he should grant a supersedeas of the judgment as a matter of right.

DECIDED DECEMBER 23, 1920.

Application for supersedeas, etc.; from city court of Richmond county — Judge Black.   September 30, 1920.

*C. Vernon Elliott, Callaway & Howard,* for plaintiff in error.

*W. Inman Curry, solicitor,* contra.

BROYLES, C. J.   Nick Antonopoulas was sentenced in the city court of Richmond county, on his plea of guilty, to pay a fine of $800 and to work on the chain-gang of that county for twelve months.   The chain-gang sentence was so molded that he was permitted to serve the same outside the confines of the chain-gang, on the condition that he should not again violate the prohibition laws of Georgia.   Subsequently, upon a hearing by the court, the parole was revoked upon the alleged ground that he had violated the condition thereof.   The defendant excepted to this judgment and filed his certified bill of exceptions in the office of the clerk of the city court of Richmond county, and applied to the judge of the court for an order of supersedeas of the judgment revoking his parole.   He applied also for bail, and both applications were refused.   The defendant filed his bill of exceptions to the judgments refusing the allowance of bail and refusing to grant the supersedeas.   Section 1104 of the Penal Code of 1910 is as follows:  " The bill of exceptions thus filed shall operate as a supersedeas, upon the plaintiff in error complying with the following terms:   Where the offense is bailable, the defendant shall enter into a recognizance before the clerk, with security to

be approved by him, in a sum to be fixed by the presiding judge, conditioned for the personal appearance of such defendant to abide the final order, judgment, or sentence of said court. If the offense is not bailable, the judge shall order a supersedeas at the time of filing the bill of exceptions. If the party is unable from his poverty to give the recognizance, the judge shall order a supersedeas upon the filing of an affidavit as provided in civil cases, but the defendant shall not be set at liberty without the recognizance." The Supreme Court, in *Vanderford* v. *Brand,* 126 *Ga.* 67 (54 S. E. 822, 9 Ann. Cas. 617), construed this section to mean that after the conviction of a defendant for any offense, whether a felony or a misdemeanor, it is still within the sound discretion of the judge to determine that the case is not a bailable one and to refuse the allowance of bail. It logically and irresistably follows from this construction that when the judge, in the exercise of a sound discretion, determines that the offense is not bailable, it becomes a non-bailable offense within the meaning of this code section, and the following mandatory provision of the section becomes applicable: "If the offense is not bailable, the judge shall order a supersedeas at the time of filing the bill of exceptions."

It follows, from what has been said, that in the instant case, when the judge, in the exercise of a sound discretion, determined that the offense was not bailable, he should have granted the supersedeas prayed for. It does not appear from the record that the judge failed to exercise a sound discretion in determining that the case was not a bailable one. This ruling is not necessarily in conflict with the decision in *Antonopoulas* v. *Black,* 25 *Ga. App.* 721 (104 S. E. 454), for that case involved an application for the writ of mandamus. However, if any holding in that case is contrary to the present ruling, it is hereby overruled. The court did not err in refusing bail to the defendant, but did err in refusing to grant a supersedeas of the judgment revoking the defendant's parole.

The judgment is therefore reversed, with direction that the defendant be brought from the chain-gang and incarcerated in the Richmond county jail, subject to the right to be released on bail

if the lower court, upon a further consideration of the case, should decide that it was a bailable one.

*Judgment reversed, with direction. Bloodworth, J., concurs. Luke, J., absent.*