STATE BOARD OF PENAL CORRECTIONS *v.*
JOHNSON, sheriff.

No. 13213.   MAY 15, 1940.

*Ellis G. Arnall, attorney-general, Duke Davis, assistant attorney-general, W. G. Neville, solicitor-general,* and *Prince Preston,* for plaintiff.

*Sidney Lanier, T. J. Evans,* and *Dekle & Dekle,* for defendant.

REID, Chief Justice.   The Code, § 70-303, provides in part that "Whenever a motion for a new trial shall have been made at the term of trial in any criminal case and overruled, or when a motion for a new trial has not been made at such term, no motion for a new trial from the same verdict shall be made or received, unless the same is an extraordinary motion or case, *and but one such extraordinary motion shall be made or allowed.*"   (Italics supplied.) John Burns was convicted of murder, in Screven superior court, on September 22, 1937.   His motion for new trial, duly presented, was overruled, and that judgment was affirmed. *Burns* v. *State,* 188 *Ga.* 22 (2 S. E. 2d, 627).   On May 11, 1939, the State Board of Penal Corrections received Burns for the purpose of assigning him to one of the penal institutions in the State, for the service of his sentence (life imprisonment) in accordance with the statute (Ga. L. 1939, p. 106, sec. 6).   On September 2, 1939, Hon. J. T. Grice, judge of the superior courts of the Atlantic Circuit, presiding instead of

Hon. William Woodrum, judge of Screven superior court, because of the latter's disqualification, entered an order sustaining an extraordinary motion for new trial, presented by Burns. The State Board of Penal Corrections sought the writ of habeas corpus against sheriff Johnson of Jenkins County (who purported to hold Burns for the sheriff of Screven County, pending his retrial, under Judge Grice's order), to regain the custody of Burns, so that it might reassign him to a penal institution for the service of the life sentence theretofore imposed upon him. The petition was predicated on the ground that the motion which was sustained by Judge Grice was a second extraordinary motion, the making or allowing of which is prohibited by the Code section, supra, and that accordingly the order of Judge Grice was void and of no effect. It appears that at the May term, 1939, of Screven superior court an extraordinary motion for new trial was presented to Judge Woodrum. He granted a rule nisi, and it was handed to the clerk, who marked it filed; but upon it being immediately thereafter called to his attention that he was disqualified, Judge Woodrum erased his signature from the rule, and referred the motion to Judge Grice. Counsel for Burns thereupon mailed the motion to Judge Grice. Shortly thereafter Judge Grice mailed the motion back to counsel, and enclosed a writing in the form of an order declining to entertain the motion, for the reason that it did not comply with the statutory requirements in reference to affidavits. Code, § 70-205. The court did not direct counsel to file the order with the clerk. A few days later the counsel again presented the motion to Judge Grice, with supporting affidavits to cure the defects he had pointed out. Judge Grice granted a rule nisi, and on the hearing granted the new trial.

The plaintiff contends, that, as the judge denied a new trial by refusing to grant a rule nisi on the extraordinary motion, the defendant had no right, and the judge had no authority thereafter to entertain and sustain another such motion. It is at least doubtful whether an extraordinary motion for new trial can be considered to have been "made or allowed" within the meaning of the statute, unless a rule nisi was granted thereon and a hearing held. See *Cox v. State,* 19 *Ga. App.* 283 (2) (91 S. E. 422). In any event, we do not think that the action of Judge Grice in refusing to entertain the extraordinary motion and to grant a rule nisi thereon as originally presented, for the reason that it was not in proper form,

necessarily shows such a final disposition of the motion that a further presentation of it in proper form, though perhaps enlarged, would constitute a second extraordinary motion for new trial, the making or allowing of which is prohibited by the statute. We see no violation of the prohibition of the statute for a judge to whom has been presented an extraordinary motion for new trial, and who finds that it is not in proper form for consideration, to return it to counsel, so that if counsel so desires it may be perfected and again presented for consideration on its merits; and it is not necessarily to be concluded that Judge Grice intended that his order have any greater effect than this. He apparently took this view of the matter, and we are not inclined to give his acts a different construction.

■ There is an additional reason why the judgment refusing a writ of habeas corpus should be affirmed. On the hearing of the motion the solicitor-general insisted, on the same ground as set out in the petition for habeas corpus, and now insisted on by the plaintiff, that the judge had no authority to sustain the motion. In the response to the petition for habeas corpus it is alleged that Judge Grice entertained the view that the extraordinary motion for new trial (which he at the conclusion of the hearing granted) was the only such motion that he had ever entertained and allowed, and that he accordingly overruled the contention made by the solicitor-general. Judge Grice verifies these allegations by an affidavit. A judgment rendered in litigation between the same parties is conclusive in a subsequent suit between them, though based on a different cause of action, as to issues actually made and determined in the former litigation. *Worth* v. *Carmichael,* 114 *Ga.* 699 (40 S. E. 797); *Draper* v. *Medlock,* 122 *Ga.* 234 (50 S. E. 113, 69 L. R. A. 483, 2 Ann. Cas. 650). Judges of the superior courts have general jurisdiction of extraordinary motions for new trial in reference to cases tried in such courts. In the instant case the judge had full and complete jurisdiction, in considering the motion, to construe the statute and to determine whether the extraordinary motion upon which he granted a rule nisi was in fact a second motion; that is, whether or not there had already been one motion "made or allowed." Under the above principle his judgment on that question is conclusive on the State, and can not be collaterally attacked by the plaintiff in error, a mere department thereof. See

*Walker* v. *Clarke,* 150 *Ga.* 98 (102 S. E. 822); *Strickland* v. *Thompson,* 155 *Ga.* 125 (116 S. E. 593); *Daniels* v. *Towers,* 79 *Ga.* 785 (7 S. E. 120). The mere fact that the State had no right of appeal can not be held to affect the conclusiveness of the judgment.

*Judgment affirmed. All the Justices concur.*