McLENDON *v.* ANDERSON, Judge.

DUCKWORTH, Chief Justice. 1. It is mandatory, irrespective of the merits of the case, that the trial judge certify a bill of exceptions in a criminal case, if it be the first bill of exceptions after verdict, and upon his refusal this court on application for mandamus will require him to do so. *Taylor* v. *Reese,* 108 *Ga.* 379 (33 S. E. 917). But where after the conviction has been reviewed by a motion for new trial and on bill of exceptions to the judgment overruling the motion for new trial the same is affirmed, it is not required that the trial judge certify a bill of exceptions complaining of rulings on motions, habeas corpus, etc., unless the exception is meritorious; and on application to this court for mandamus to compel him to certify a bill of exceptions we will look into the merits of the case and will order the judge to certify the bill of exceptions only when we are of the opinion that the case is meritorious. *Rawlins* v. *Mitchell,* 127 *Ga.* 24 (55 S. E. 958); *Landers* v. *Cobb,* 150 *Ga.* 80 (102 S. E. 428); *DuPre* v. *Humphries,* 153 *Ga.* 884 (113 S. E. 204).

However, where, as here, the judge certifies a bill of exceptions complaining of the judgment resentencing the accused to be electrocuted over written objections filed by the accused, the case being a criminal case that is not bailable, and the sentence ordering execution of the accused on August 19, 1950, which would render the case moot before this court could reach it for decision, the law is mandatory that the trial judge grant a supersedeas upon the filing of the bill of exceptions. Code, § 6-1005. Upon application to this court for mandamus to compel him to do so after he has refused, the law gives us no alternative to issuing the writ of mandamus directing and requiring the trial judge to issue an order superseding the judgment. *Spann* v. *Clark,* 47 *Ga.* 369; *Malone* v. *Hopkins,* 49 *Ga.* 221; *Antonopoulas* v. *Black,* 25 *Ga. App.* 721 (104 S. E. 454); *Antonopoulas* v. *State,* 26 *Ga. App.* 113 (105 S. E. 384). This ruling does not conflict with the ruling in *Haskens* v. *State,* 114 *Ga.* 837 (40 S. E. 997), where it was held that since the court was without jurisdiction to render the judgment complained of in the approved bill of exceptions, this court would not by mandamus require the trial judge to grant a supersedeas of an existing valid judgment.

*Writ of mandamus ordered to issue. All the Justices concur.*

No. 17247. AUGUST 11, 1950.

*Samuel E. Tyson* and *Randall Evans Jr.,* for petitioner.