## 34855. RANDALL v. WHITMAN, Judge.

TOWNSEND, J. 1. While the writ of error coram nobis is recognized as a part of the law of this State—having been a part of the common law at the time that law was adopted—it will not lie in cases where the party seeking it has an adequate statutory remedy. *South* v. *State*, 72 *Ga. App.* 79 (33 S. E. 2d 23).

2. The applicant here seeks the writ of error coram nobis because he contends the remedy of an extraordinary motion for new trial as provided in Code § 70-303 is not available to him, for the reason that the newly discovered evidence upon which he relies is cumulative and impeaching in character. Without passing on the question of whether or not the alleged newly discovered evidence set out in this record is purely cumulative and impeaching, but assuming for the sake of argument in the consideration of the case that this is true, the policy of the law of this State is to deny a new trial as a matter of right to a defendant where it is sought on newly discovered evidence which is purely cumulative and impeaching in character. Code (Ann.) § 70-204, catchwords "Cumulative" and "Impeaching." This policy cannot be circumvented by mere *procedure* wherein this rule has not been specifically enunciated, so as to permit the applicant to accomplish indirectly what he would not be allowed to do directly. The remedy of an extraordinary motion for new trial as provided for in Code § 70-303 is available to the defendant, and for this reason the writ of error coram nobis will not lie.

3. Where a person has been convicted in a criminal case, has filed a motion for a new trial, such motion has been overruled, and the judgment affirmed by the appellate court having jurisdiction thereof, it is not required of the trial court to certify a subsequent bill of exceptions to an extraordinary motion for new trial unless the same is meritorious. *McLendon* v. *Anderson*, 207 *Ga.* 243 (60 S. E. 2d 762); *Loomis* v. *Edwards*, 80 *Ga. App.* 396 (56 S. E. 2d 183); *Landers* v. *Cobb*, 150 *Ga.* 80 (1) (102 S. E. 428).

4. The defendant was tried and convicted of robbery, his motion for a new trial was overruled, that judgment was assigned as error in a bill of exceptions before this court, the judgment was affirmed, certiorari was denied by the Supreme Court, and an application was thereafter presented to the superior court judge for a writ of error coram nobis, which application the judge, after hearing argument as to whether or not a rule nisi should be granted, decided was without merit and accordingly refused to entertain and to issue a rule nisi thereon. Error was assigned by bill of exceptions on the order denying the issuance of the rule nisi and refusing to entertain the application, which bill of exceptions was, within the time required by law, presented to the court for certification, and the court entered an order, stating that the petition for writ of error coram nobis was entirely without merit, and declining to certify said bill of exceptions. The applicant then applied to this court under the provisions of Code § 6-910 for a mandamus nisi directed to such judge to show cause why he should not certify such bill of exceptions to this court, and praying that, upon hearing, the mandamus

be made absolute. This court must look to the merits of the case in order to determine whether or not the superior court judge shall be ordered to certify the bill of exceptions. See *McLendon* v. *Anderson,* supra. As is pointed out in the first three divisions hereof, this application is without merit as a writ of error coram nobis. If considered as an extraordinary motion for new trial, it would also be insufficient for the reason that there are no supporting affidavits attached as required by statute. See, in this connection, *State Board of Penal Corrections* v. *Johnson,* 190 *Ga.* 246 (1) (9 S. E. 2d 251). Accordingly, the mandamus nisi is

*Denied. Gardner, P. J., and Carlisle, J., concur.*

DECIDED SEPTEMBER 24, 1953.

*James R. Venable, H. C. Morgan, John L. Respess,* for applicant.