BROWN & BOWEN, plaintiffs in error, vs. N. M. ROBINSON, defendant in error.

*If no objection is made to the admission of illegal evidence, its admission will not be ground for a new trial.*

New trial, from Heard county. Decided by Judge HAMMOND, August Term, 1857.

Brown & Bowen brought an action in a Justice Court against Robinson on an open account for $28 75. The Court gave judgment for the plaintiff for the full amount. The defendant appealed. When the case came on for hearing, upon the appeal, the defendant did not appear. Plaintiff's counsel read an affidavit made by Bowen, proving two of the items in the account, amounting to $4 50. This affidavit was made in Coweta county, under the provisions of the Act of 1827, which provides that when the debtor removes or resides out of the county where the debt was contracted, the creditor may prove the debt by affidavit.

The jury found for the plaintiff. The defendant carried the case by *certiorari* to the Superior Court, assigning that the Justices' Court erred in allowing the plaintiffs to go to trial, there being an agreement between the parties to continue the case in the absence of either party; that the jury erred in returning a verdict for the plaintiff, the affidavit of Brown not being within the terms of the statute; and because the evidence was not sufficient to warrant the verdict. The Court granted a new trial in the Justices' Court on the ground that it did not appear that the case came within the terms of the statute of 1827. And counsel for defendants in *certiorari* excepted.

OLIVER & FEATHERSTONE, for the plaintiffs in error.

ROBINSON, *contra.*

Brown & Bowen vs. Robinson.

*By the Court.*—BENNING, J. delivering the opinion.

The question is, whether the Court below was right in ordering a new trial in the Justices' Court.

The ground on which that order was put, was, that the affidavit of Bowen, one of the plaintiffs, proving the first and last items in the account, the two amounting to $4 50, was not admissible as evidence.

But, first, the admission of the affidavit was not objected to by Robinson, the defendant, and the admission of illegal evidence is no ground for a new trial, when no objection is made to the admission of it. *Harrison vs. Young*, 9 *Ga.* 359.

Secondly, it is not clear, by any means, that the admission of the affidavit *was* illegal. The affidavit was, to prove two items (out of a number) in an account. The statute says, that such an affidavit may be used for such a purpose, in the case in which the party contracting the account removes, or resides, out of the county in which the account was contracted; the statute also says, that "if the defendant will make an affidavit" "denying the justice" "of the account, the said Court shall not give judgment for so much thereof as may be so traversed or controverted, unless supported by other proof." *Cobb*, 649.

Now if the account was contracted in *Coweta*, (the suit being in Heard) the admission of the affidavit was legal.

Are we not bound to *presume* that the account was contracted in Coweta? Why was not the affidavit objected to? Did the defendant know that the account was contracted in Coweta, and that on the making of such an objection, that fact would be proved by the plaintiffs? What other reason is supposable? especially, seeing that the venue put, both to the account, and to the affidavit, is of Coweta county?

Thirdly, even if the objection to the affidavit was good, and was now available, is the case not one in which the ver-

xxv.—10

dict ought, for another reason, not to be disturbed?   The defendant put in a plea, in which he denied the justice of every item in the account, *these two excepted ;* and as to these two, he was silent.   Is not this an implied admission of the justice of these two items ?   At least, may we not hold it so after verdict ?   The other items were proved in an unexceptionable manner.

Upon the whole, we think that the Court erred in sustaining the *certiorari.*

Judgment reversed