Hawkins *vs.* The State of Georgia.

ALGERNON S. HAWKINS, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. A presentment which charges a justice of the peace with "malpractice," without the addition of the words "in office," is demurrable.

2. A presentment charging a justice of the peace with malpractice, which does not show by the entry of the solicitor general or the sheriff, that a copy thereof had been served on the defendant before the same was laid before the grand jury, and that he had been notified to appear with his witnesses, is demurrable.

3. A presentment which simply charges a justice of the peace with being drunk whilst presiding in his court, is demurrable. It should set forth the wrong done by some official act or omission to act, resulting from such drunkenness.

4. A justice of the peace cannot be arraigned on a presentment for malpractice in office. An indictment is the proper method of charging him with such offense, as prescribed in the Code, section 4504.

BLECKLEY, Judge, concurred.

JACKSON, Judge, dissenting.

1. Drunkenness on the bench is "conduct unbecoming an upright magistrate," in the sense of section 4504 of the Code.

2. An indictment or presentment which charges the defendant "with the offense of malpractice," without adding the words "in office," is sufficiently technical in naming the offense under our Code, and ought not to be quashed for the omission of those words.

3. Where, in the body of the indictment or accusation, the charge is set out, "that the said Hawkins, on the 10th day of April, 1874, then and there, in

the nine hundred and nineteenth district, being then and there a justice of the peace in and for said district, when then and there presiding in the justice's court of said district, then in legal session, was guilty of conduct unbecoming an upright magistrate, by being then and there drunk voluntarily, from a long continued and excessive use of intoxicating liquors," such charge is set out " so plainly that the nature of the offense charged may be easily understood by the jury," and therefore, by authority of section 4626 of the Code, the court below was right in sustaining it as "sufficiently technical and correct."

4. The grand jury not only may present an offender for malpractice in office, but it is their duty to do so under section 3917 of the Code, more especially in cases like that at bar, where a private person might feel reluctant to see to it that the law was vindicated at the hazard of offending a magistrate in power and his friends and sympathizers.   The fact that the prosecutor is mentioned in section 4504 as having the right to appear before the grand jury, applies only to the case where there is a prosecutor, and does not render section 3917 inapplicable to this class of cases, and thereby preclude the grand jury from prosecuting by presentment this violation of the law.

5. Whilst, under section 4504, it is the right of the accused, with his witnesses, to appear and be heard before the grand jury, the fact that he did appear and was heard need not be alleged in the indictment, nor need it be indorsed on the same.   It is enough if it appear to the satisfaction of the court that he was furnished with a copy of the indictment or presentment before the grand jury acted, and that he did appear, and was heard before them.

6. The jury having found the defendant guilty, and the verdict being sustained by the evidence, and the law having been properly given to the jury in charge, in my judgment he should receive the punishment the law imposes—especially that part which removes him from office—and the judgment of the court below should be affirmed.

Criminal law.   Justice of the Peace.   Malpractice.   Indictment.   Presentment.   Drunkenness.   Before Judge UNDERWOOD.   Floyd Superior Court.   January Term, 1875.

Reported in the opinions.

WRIGHT & FEATHERSTON; MITCHELL & GLENN, for plaintiff in error.

SMITH & BRANHAM; HAMILTON YANCEY, for the state.

WARNER, Chief Justice.

This case came before the court below on a *certiorari* from the county court of Floyd county, complaining of various errors alleged to have been committed in the county court on the trial of the petitioner for malpractice.   On the hearing of the *certiorari* in the superior court, the court sustained the several rulings of the county court.   Whereupon, the petitioner for *certiorari* excepted.

It appears from the record that the grand jury of Floyd county, at the July term of the court, 1874, by a special presentment, charged and accused Algernon S. Hawkins, the plaintiff in *certiorari*, with the offense of "malpractice," for that the said Algernon S., in the county aforesaid, on the 10th day of April, 1874, did then and there, with force and arms, in the nine hundred and nineteenth district, Georgia militia, being then and yet a justice of the peace in and for said district, while then and there presiding in the justice's court of said district, then in legal session, was guilty of conduct unbecoming an upright magistrate by being then and there drunk voluntarily, from a long continued and excessive use of intoxicating liquor, contrary to the laws of said state, etc.   When the defendant was arraigned upon this special presentment of the grand jury, in the county court, he demurred to the same both generally, and specially, as set forth in the record, which demurrer was overruled, and that is one of the errors complained of in the petition for *certiorari*.

1. By the 4504th section of the Code, it is declared that "Any justice of the peace who shall be charged with malpractice in office, or with using oppression or tyrannical partiality, or with wilfully refusing or failing to preside in or hold his court at the regular terms thereof, or when it is his duty, under the law, to do so, or with using any other means to delay or avoid the due course or proceeding of law, or with any other conduct unbecoming the character of an upright magistrate, or who shall wilfully and knowingly demand more cost than he is entitled to by law in the administration

and under color of his office, may be indicted; which indictment shall specially set forth the merits of the complaint, and a copy thereof be served on the defendant before the same is laid before the grand jury; and the prosecutor, and the justice, and their witnesses, shall have the right of appearing and being heard before the grand jury; which indictment, if found true by the grand jury, shall, as in other cases, be tried by a petit jury; and if the defendant be convicted, he shall be punished by fine or imprisonment in the common jail of the county, or both, at the discretion of the court, and shall, moreover, be removed from office, if still in office." The demurrer to the special presentment of the grand jury should have been sustained, because it did not charge and accuse the defendant with the offense of "malpractice *in office;*" it only charged and accused him with the offense of "malpractice," which is not an offense defined by the law.

· 2. The demurrer should have been sustained because it did not appear by any entry on the presentment by the solicitor general or the sheriff, that a copy thereof had been served on the defendant before the same was laid before the grand jury, and that the defendant had been notified to appear before the grand jury with his witnesses, and be heard, as required by the statute.

3. The demurrer should also have been sustained because the presentment did not *specially* set forth the merits of the complaint in relation to the defendant's being drunk whilst engaged in the discharge of his official duties, as the statute requires should be done; there is no allegation that any wrong, or injustice, or other injury, was done to any one by reason of the defendant's being drunk, in his official capacity, which would afford any legal ground of complaint. Whilst it is very unbecoming to the character of a magistrate to get drunk, or to the character of any other person, that of itself is not evidence that he is guilty of malpractice in office. The wrong or injury done by the defendant in his official capacity in consequence of his having been drunk should have been *specially* set forth, in order that it might appear that there

Hawkins *vs.* The State of Georgia.

was some legal and just cause of complaint against him for that reason in the discharge of his official duties. The presentment does not *specially* allege that any wrong or injury has been done to any one by the defendant in his official capacity, or the omission of any official duty on his part, by reason of his having been drunk whilst presiding in the justice's court, which would constitute malpractice in office, in contemplation of the law.

4. The demurrer should have been sustained because the defendant was arraigned upon a presentment made by the grand jury, instead of an indictment found by the grand jury as the statute provides. A presentment, as defined by the common law, properly speaking, is the notice taken by a grand jury of any offense from their own knowledge or observation, without any bill of indictment laid before them at the suit of the king. An indictment is defined to be a written accusation of one or more persons of a crime, or misdemeanor, preferred to and presented upon oath by a grand jury. Malpractice in office by a justice of the peace is not such an offense as the statute contemplates may be brought before the court upon a special presentment of the grand jury, from their own knowledge and observation, without any bill of indictment laid before them at the instance of a prosecutor in behalf of the state. The statute declares that any justice of the peace who shall be *charged* with malpractice in office may be indicted, which indictment shall *specially* set forth the merits of the complaint, and a copy thereof be served on the defendant, before the same is laid before the grand jury; and the prosecutor, and the justice, and their witnesses, shall have the right of appearing and being heard before the grand jury. All this is to be done before the grand jury can find the indictment to be true, and the defendant put upon his trial before a petit jury on the charge contained in that indictment. The statute clearly contemplates that the justice shall be *charged* with malpractice in office by some one who is willing to prosecute him therefor, and that he shall specially set forth the merits of *his complaint,* and that the complaining prosecutor,

and the justice, shall both be heard together, with their respective witnesses, before the grand jury in relation to the charge or complaint *specially* set forth in the indictment.     A justice of the peace is, in contemplation of the law, as much a conservator of the public peace and good order of society, as the grand jury, and when he is charged before that body in an indictment with malpractice in his office, they should be in a condition to hear and pass upon that charge preferred to them in the indictment, with entire impartiality.     The grand jury, under the provisions of the statute, may fairly be said to be clothed with the power and authority to prefer the charge of malpractice in office, as *specially* set forth in the indictment, against the justice, on the hearing of the parties and the evidence in relation thereto, and thereupon impeach his official conduct and integrity, and cause him to be put on his trial therefor before a petit jury, and therefore the grand jury cannot, from their own knowledge or observation, without any bill of indictment laid before them at the instance of a prosecutor, make a special presentment of a justice of a peace for malpractice in office, and in that manner have him put upon his trial before a petit jury on such a special presentment as was done in this case.     The proceeding against a justice of the peace for malpractice in office, under the 4504th section of the Code, must be by an indictment at the instance of a prosecutor, and that being so, the 4632d section has no application to a special presentment of a grand jury of a justice of the peace for malpractice in office, but that section refers to special presentments of grand juries for a violation of the general penal laws of the state of which the 4504th section constitutes an exception, for the reasons before stated.     The county court should have sustained the demurrer to the special presentment of the grand jury upon which the defendant was arraigned, and the court below erred in not sustaining the *certiorari* upon that ground, and ordering the proceedings had thereon to be quashed.     The view which we have taken of the demurrer to the special presentment of the grand jury in this case, will make a final disposition of it, and therefore it is not neces-

Hawkins *vs*. The State of Georgia.

sary to notice the other questions discussed on the argument. Let the judgment of the court below be reversed.

BLECKLEY, Judge, concurred, but furnished no written opinion.

JACKSON, Judge, dissenting.

The facts and authorities on which my opinion of this case is based are sufficiently set out in the head-notes furnished the reporter. I will merely add that the degree of the drunkenness to render the accused guilty of conduct unbecoming the character of an upright magistrate, is a question for the jury, under the charge of the court, and they having found the defendant guilty, I do not think that their finding should be disturbed. They will not be apt to convict a man of this offense unless he was so obnoxious to the charge of drunkenness in the performance of judicial duty, as to become a kind of public nuisance, altogether necessary, for public decency and good morals, as well as the preservation of the purity of the ermine, to be abated. If, with all the advantage of reasonable doubts in his behalf and sympathy for this sin "which doth so easily beset" some men, the defendant was found guilty by a jury of his own vicinage and selection, we may feel well assured that the disease of his excessive drinking was of a very incurable and chronic type, and needed a strong remedy. It has been applied; and while it may not cure him of the disease, I think, to prevent the contagion from spreading, it should kill his official life and bury the corpse out of the sight of the people. Therefore, I think, as the law authorized the finding and the trial was fair, the judgment should be affirmed.