[Civil No. 578. Filed February 23, 1898.]

[52 Pac. 367.]

WILLIAM M. BILLUPS et al., Plaintiffs in Error, v. B. N. FREEMAN et al., Defendants in Error.

1. PRACTICE—ERROR CORAM NOBIS OBSOLETE—REMEDY BY MOTION.— The writ of error *coram nobis* has become obsolete, having been superseded by the modern practice of applying to the court by motion for the relief sought.

2. ABATEMENT AND REVIVAL—CLAIM AND DELIVERY—DEATH OF PARTY PENDING APPEAL AND JUDGMENT—SURVIVAL—REV. STATS. ARIZ. 1887, PARS. 946, 1185, CITED.—The death of a defendant occurring after judgment in the court below, and pending an appeal, and prior to the affirmation of such judgment, does not affect the validity of the latter judgment, unless the nature of the action is such that it does not survive in favor of or against the legal representatives of the deceased person. Paragraph 946, *supra,* cited. The action of claim and delivery survives, and therefore the death of a defendant therein pending appeal and prior to affirmation of judgment does not affect such judgment. Paragraph 1185, *supra,* cited.

3. APPEAL AND ERROR—CLAIM AND DELIVERY—ELECTION TO TAKE VALUE OF PROPERTY—JUDGMENT FOR MONEY MERELY—AFFIRMATION—JUDGMENT IN SUPREME COURT FOR AMOUNT AND COSTS — STAY AND APPEAL BOND—AGAINST SURETIES—REV. STATS. ARIZ. 1887, PAR. 950, CITED.—Upon an appeal from a judgment in an action of claim and delivery for the return of the property, or that defendant and his sureties upon his bond pay the value of the property, the plaintiffs having, under the statute, elected to take the value of the property, the judgment thereupon became one for money merely. The bond upon appeal being both an appeal and a stay bond, it

was proper upon the affirmation of the judgment of the trial court
to render judgment in this court upon this bond for the amount of
the judgment of the court below and the costs of suit against the
defendants and sureties upon the bond, such .judgment being
provided for by paragraph 950, *supra,* and conforming to the
practice of this court.

APPLICATION for a Writ of Error Coram Nobis. Dismissed.

A. J. Daggs, for Plaintiffs in Error.

The supreme court of Arizona possesses chancery as well
as common-law jurisdiction, and also jurisdiction according to
the course of common law of England. Organic Act Arizona,
sec. 1868; Rev. Stats. secs. 594, 2935; *Teller* v. *Wetherell*, 6
Mich. 45.

A writ of error *coram nobis* is a common-law writ. *Smith*
v. *Kingsley*, 19 Wend. 620; Tidd on Practice, 1070; *Crawford*
v. *Williams*, 1 Swan, (Tenn.) 341.

It is a writ of right, common-law right, independent of
statute. *Jones* v. *Williams*, 44 Miss. 47.

And the writ issues from the same court to correct an error
of fact latent in the proceedings, judgment, or default of
clerks. *Philip* v. *Russell*, 19 Fed. 523.

It is possibly the only remedy to correct an erroneous judg-
ment where a party died before rendition. *Dugan* v. *Scott*,
37 Mo. App. 669.

Where the fact must be shown *aliunde*, it must be brought
by writ of error *coram nobis*. Freeman on Judgments, 153.

The action of replevin and claim and delivery are analo-
gous. *De Thomas* v. *Wetherby*, 61 Cal. 92, 44 Am. Rep. 549.

The provision of our statute providing for the survival of
actions in our supreme court (par. 946) contains the follow-
ing provision: "Provided, however, that this shall not apply
to any suit or action in which the cause of action does not
survive in favor of or against the legal representative of a
deceased person."

The said 'Goodman having died prior to the rendition of
judgment in the supreme court, and being the sole defendant,
and this being an action of replevin and *ex delicto*, does the
action survive against his legal representatives or does it
abate forever?

There is but one statute pointing out an action *ex delicto* that survives. Rev. Stats., par. 2145.

All other actions survive by the common law. Rev. Stats., par. 2935.

"Replevin is among the earliest remedies given by the common law; as far back as we have any written history, we find replevin spoken of." Cobbey on Replevin, 1. Its first appearance as part of the *lex scripta* is in the statute of Marlebridge, 52 Henry III, about A. D. 1267. By these citations it is observed that the action of replevin is one of the actions belonging to the common law of England and defined to be "a personal action *ex delicto* brought to recover goods unlawfully taken or detained." This is the same as our action of claim and delivery.

Replevin being an action at common láw, all actions abated at the death of either plaintiff or defendant and did not survive. *Green* v. *Watkins,* 6 Wheat. 260.

The death of the defendant abates the action, and it cannot be revived against his administrator. Cobbey on Replevin, 425; citing *Merrit* v. *Lambert,* 8 Me. 128; *Rector* v. *Chesalier,* 1 Mo. 345; *Mellen* v. *Baldwin,* 4 Mass. 480; *Miller* v. *Langton,* 1 Harp. (S. C.) 131; *Burkle* v. *Luce,* 1 N. Y. 163.

By the common law of England a judgment against a dead person is absolutely void. *Carter* v. *Carriger,* 3 Yerg. 411, 24 Am. Dec. 585; *Geroult* v. *Anderson,* 1 Walker, 30, 12 Am. Dec. 521.

Following this, when a sole defendant dies, the bondsmen are relieved from all liability and responsibility. Their contract is at an end with the death of their principal, the sole defendant in replevin. *Badlam* v. *Tucker,* 1 Pick. 389, 11 Am. Dec. 202; *Sheldon* v. *Quinlen,* 5 Hill, 441.

Joseph Campbell, for Defendants in Error.

It is questionable whether this case can be brought back before this court by this ancient, hoary, obsolete writ of *coram nobis.*

"It is now fallen into practical desuetude." Black on Judgments, sec. 300.

But if it can, the writ does not lie to correct matters of law, nor is it intended to authorize any court to review or revise its opinions, nor correct any error in the judgment of the

court, nor to put in issue any fact directly passed upon or
affirmed by the judgment itself. Freeman on Judgments, sec.
94; Black on Judgments, sec. 300; *Bingham* v. *Brewer,* 4
Sneed, 433.

The office of the writ is to bring to the attention of the
court, and obtain relief from, errors of fact, such as the death
of either party pending the suit and *before* judgment. *Kemp*
v. *Cook,* 18 Md. 130, 79 Am. Dec. 681.

The error of fact sought to be reached by this writ is, that
Goodman having died on the sixteenth day of February, 1897,
this court on the twenty-sixth day of February, 1897, erred in
affirming the judgment of the lower court that had been ren-
dered in his lifetime, in June, 1896, for the reason that the
action, being for the recovery of personal property or its
value, is abated by the death of the defendant.

Replevin does not abate at the death of one of the parties.
Cobbey on Replevin, secs. 800, 801.

"It would be contrary to every principle of justice and
every rule of public policy" to hold that the action of re-
plevin abated at the death of the defendant. *Keite* v. *Boyd,*
16 Serg. & R. 300.

But our statute (Rev. Stats. 1185) provides that this char-
acter of action shall not abate.

"A final judgment or decree establishing a cause of action
does survive, notwithstanding the cause of action would
not have survived if not reduced to final judgment." *Kelly*
v. *Kelly,* 137 Ind. 690, 37 N. E. 545; *Beck* v. *Dowell,* 40 Mo.
App. 71; *Kimborough* v. *Mitchell,* 1 Head, 540; *Lewis* v. *St.
Louis R. R. Co.,* 59 Mo. 495, 21 Am. Rep. 385; *Carr* v. *Rischer,*
119 N. Y. 117, 23 N. E. 296.

"When in *any* suit either party shall die between verdict
and judgment, the judgment shall be entered as if both
parties were living." Rev. Stats. 732; *Gibbs* v. *Belcher,* 30
Tex. 79; *Brooke* v. *Clarke,* 57 Tex. 105; *Pullman Car Co.* v.
*Fowler,* (Tex. Civ. App.) 27 S. W. 268.

SLOAN, J.—This is an application for a writ of error
*coram nobis,* brought to obtain a review of a judgment en-
tered by this court on the 26th of February, 1897, affirming
upon a short transcript a judgment of the district court of
Coconino County in the case of B. N. Freeman, J. H. Hoskins,

Jr., and F. M. Kimball, copartners under the firm name and
style of the "Arizona Central Bank," plaintiffs, against S.
Goodman, defendant, and R. E. Daggs, intervener, and enter-
ing a judgment in this court against said defendant and his
sureties upon his appeal bond, William M. Billups, R. E.
Daggs, A. J. Daggs, and the London Company.

The office of the ancient remedy of a writ of error *coram
nobis* was to have a judgment corrected by an examination,
by the court rendering it, into some question of fact affecting
the validity and regularity of the proceedings, such as the
death of one of the parties before verdict or judgment, or the
infancy, insanity, or coverture of the defendant, and which
was not made an issue and determined in the action. No
error of a court in applying the law to the facts could be recti-
fied by means of the writ, nor could any error of fact which
was adjudicated in the action be reviewed. *Kemp* v. *Cook,* 18
Md. 130, 79 Am. Dec. 681. The writ has become obsolete, hav-
ing been superseded by the modern practice of applying to
the court by motion for the relief sought. *Pickett* v. *Leger-
wood,* 7 Pet. 144; *Association* v. *Fassett,* 102 Ill. 315. We are
not disposed to encourage the digging into the moldering
dust-heaps of the past for worn-out and discarded remedies,
or to sanction in the future the practice of applying to this
court in this manner for relief, which can more speedily and
as efficaciously be had by the simple remedy of motion. We
have, however, in the present instance, chosen to consider the
application for the writ as though it was a motion to vacate
the judgment, upon those facts which could have been review-
able under the writ of *coram nobis.*

The principal question presented is, in brief, whether the
death of a defendant in an action brought under our claim
and delivery statutes for the possession of personal property,
occurring after judgment in the court below, and pending an
appeal and prior to the affirmation of such judgment by this
court, affects the regularity and validity of the latter judg-
ment. Paragraph 946 of the Revised Statutes provides that
"946 (sec. 298) If any party to the record, in any cause now
pending in or hereafter taken to the supreme court, by ap-
peal or writ of error, shall have died heretofore, or shall here-
after die, after the appeal or writ of error bond has been filed
and approved, or after the writ of error has been served and

before such cause has been decided by the supreme court, such cause shall not abate by such death, but the court shall proceed to adjudicate such cause, and render judgment therein as if all the parties thereto were still living, and such judgment shall have the same force and effect as if rendered in the lifetime of all the parties thereto; provided, however, that this act shall not apply to any suit or action in which the cause of action does not survive in favor of or against the legal representatives of a deceased person." Under the provisions of this section it becomes important, therefore, to determine whether an action in claim and delivery survives in favor of or against the legal representative of a deceased person. This question is answered in the affirmative by paragraph 1185 of the Revised Statutes, which reads as follows: "1185 (sec. 221). Actions for the recovery of any property, real or personal, or for the possession thereof, and all actions founded upon contracts, may be maintained by and against executors and administrators, in all cases in which the same might have been maintained by or against their respective testators or intestates."

Another question is also sought to be presented for our review in this application, which we will briefly consider. The judgment of the court below was for the plaintiffs in the action, for the return of the property sued for, or that the defendant and his sureties upon his bond for the return of the property pay the assessed value of the property, at the election of the plaintiffs. The latter, under the statute, elected to take the value of the property, and the judgment thereupon became one for money merely. The bond upon the appeal was both an appeal and a stay bond, and upon the affirmation of the judgment in this court judgment was rendered upon this bond for the amount of the judgment of the court below and the costs of this suit, against the defendants and the sureties upon the bond. Such a judgment is provided for by paragraph 950 of the Revised Statutes and conforms to the practice of this court. The contention that the *remittitur* was issued while a motion for rehearing was pending and undetermined is not borne out by the minutes of the court. The application for the writ will be dismissed, with costs.

Street, C. J., Davis, J., and Doan, J., concur.