## McDonald *v.* The State.

BECK, J. 1. A motion to set aside the judgment is not the appropriate remedy in a criminal case if the indictment is void. The judgment may be arrested upon motion made during the term at which the verdict is rendered, or the prisoner may be discharged upon a writ of habeas corpus at any time thereafter, if no question as to the validity of the indictment was adjudicated at the trial. *Griffin* v. *Eaves*, 114 *Ga.* 65. See also *Moore* v. *Wheeler*, 109 *Ga.* 62; *Duren* v. *Stephens*, ante, 496.

2. In the case of *Regopoulas* v. *State*, 116 *Ga.* 596, no question was made as to the remedy by motion to set aside being appropriate.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

Argued May 22,—Decided August 17, 1906.

Motion to set aside judgment. Before Judge Reagan. Henry superior court. April 18, 1906.

*George W. Bryan,* for plaintiff in error.

*O. H. B. Bloodworth, solicitor-general,* and *W. P. Bloodworth,* contra.

---

## Hohenstein *v.* The State.

BECK, J. An indictment against a notary public and ex-officio justice of the peace for the offense of malpractice in office, which charged that the defendant did issue a warrant for the arrest of A. B., "said warrant having been wilfully and knowingly issued as aforesaid, not in good faith and for the purpose of inaugurating a criminal prosecution, but ·corruptly and for the sole purpose of affording the [defendant], as magistrate as aforesaid, the opportunity for pecuniary consideration of ·drawing up the bond of said person so arrested, as aforesaid, and thus ·extorting money out of said person, contrary to the laws of said State," was open to attack by general demurrer, there being a local act, in the county in which the accused held office and committed the alleged criminal acts, allowing justices of the peace a fee for "drawing up a bond and approving the same," and there being no averment in the indictment that the warrant was not founded upon a proper affidavit, or that the defendant colluded with the party making the affidavit, or that bond was improperly required. Penal Code, §§ 292, 298; *Hawkins* v. *State*, 54 *Ga.* 653; State *v.* Zachary, Bush L. (N. C.) 432.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

Argued June 21,—Decided August 17, 1906.

Indictment for malpractice in office. Before Judge Cann. Chatham superior court. May 7, 1906.

*Garrard & Meldrim* and *C. V. Hohenstein,* for plaintiff in error.

*W. W. Osborne, solicitor-general,* and *Dan J. Charlton,* contra.