## GRAVITT <em>v.</em> THE STATE.

Under the Civil Code, §§ 5957, 5958, and rulings in cases cited in the opinion, there was no error in affirming a refusal to set aside a judgment on motion filed after the term when it was rendered.

No. 5937. FEBRUARY 20, 1928.

Certiorari; from Court of Appeals, 36 <em>Ga. App.</em> 301.

<em>Joe Hill Smith, Vester M. Owenby,</em> and <em>W. H. Terrell,</em> for plaintiff in error.

<em>John A. Boykin, solicitor-general, J. W. LeCraw,</em> and <em>John H. Hudson,</em> contra.

ATKINSON, J. 1. "When a judgment has been rendered, either party may move in arrest thereof, or to set it aside for any defect not amendable which appears on the face of the record or pleadings." Civil Code (1910), § 5957. "A motion in arrest of judgment . . differs from a motion to set aside a judgment, in this: The motion in arrest of judgment must be made during the term at which such judgment was obtained, while a motion to set it aside may be made at any time within the statute of limitations." Civil Code (1910), § 5958.

2. In <em>Davis</em> v. <em>State,</em> 40 <em>Ga.</em> 229, it was stated: "Defendants were indicted for the offense of simple larceny, and charged with having wrongfully and fraudulently taken and carried away a cer-

---

Criminal Law, 16 C. J. p. 1326, n. 74.

tain 'white hog,' without alleging the hog to have been of any value: *Held,* that by the common law, at the time of our statute adopting the same, the value of the property, in an indictment for simple larceny, was required to be alleged and proved on the trial, and that that rule of the common law is still of force in this State, and a failure to allege the value of the property alleged to have been stolen, in the indictment, is a good ground for arresting the judgment after verdict." The case under consideration differs from the *Davis* case, in that the motion was to set aside a judgment, as distinguished from a motion in arrest of judgment, and was not filed during the term at which the judgment complained of was rendered.

3. In *McDonald* v. *State,* 126 *Ga.* 536 (55 S. E. 235), it was said: "A motion to set aside the judgment is not the appropriate remedy in a criminal case if the indictment is void. The judgment may be arrested upon motion made during the term at which the verdict is rendered, or the prisoner may be discharged upon a writ of habeas corpus at any time thereafter, if no question as to the validity of the indictment was adjudicated at the trial. *Griffin* v. *Eaves,* 114 *Ga.* 65 [39 S. E. 913]. See also *Moore* v. *Wheeler,* 109 *Ga.* 62 [35 S. E. 116]; *Duren* v. *Stephens,* ante, 496 [54 S. E. 1045]. . . In *Regopoulas* v. *State,* 116 *Ga.* 596 [42 S. E. 1014], no question was made as to the remedy by motion to set aside being appropriate." See *Brown* v. *State,* 150 *Ga.* 585 (104 S. E. 428).

4. The Court of Appeals did not err in affirming the judgment of the trial court refusing to set aside the judgment.

> *Judgment affirmed.  All the Justices concur.*

RUSSELL, J., and HINES, J., concur in the result only.