30615.  SOUTH *v.* THE STATE.

DECIDED JANUARY 17, 1945.  REHEARING DENIED FEBRUARY 8, 1945.

*James R. Venable, Jackson L. Barwick, Frank T. Grizzard, Frank A. Bowers, Claude C. Pittman,* for plaintiff in error.

*Lindley W. Camp, solicitor, John A. Boykin, solicitor-general, Durwood T. Pye,* contra.

MacIntyre, J.  Bonnie South was convicted in the criminal court of Fulton County for maintaining a lottery.  His certiorari, after sanction and answer, was overruled by Fulton superior court and his exception to that ruling affirmed by the Court of Appeals. *South* v. *State,* 68 *Ga. App.* 835 (24 S. E. 2d, 416).  The Supreme Court denied certiorari.  Thereafter, the remittitur having come down to the superior court, South presented to the judge of the criminal court of Fulton County a petition for the writ of error, which he denominated "coram nobis," seeking again to review said conviction and to set aside and vacate the same, and obtain a new trial.  A rule nisi issued and the State demurred.  The demurrer was sustained and South applied for a writ of certiorari complaining of that ruling.  Upon the overruling of the certiorari by the superior court, he filed the present bill of exceptions.

In the trial of the case, which was affirmed and reported in 68 *Ga. App.* 835 (supra), an accusation on which there was a former conviction was introduced in evidence to show the general scheme of the defendant in the operation of a lottery, as well as to show the purpose for which he had and possessed the apparatus used in the operation of the same.  This accusation was admitted over the objections that it was irrelevant and that it put the defendant's character in issue.  The objections here, which were urged for the first time in the defendant's writ of error coram nobis, were: That the affidavit which was attached to the former accusation and which was introduced in evidence, while signed by the person purporting to make the same, did not show that it was attested by an officer authorized to administer oaths; that the name of the officer purporting to administer the oath did not appear thereon; that neither the prosecutor's name nor that of the solicitor appeared upon the face of the accusation; that this fact was unknown to the defendant; that the accusation was void and was illegally introduced in evidence; that the trial judge, had he known that said accusation of the former offense was void, would not have allowed

the same in evidence; and that if the same had not been in evidence, it is not likely that the jury would have convicted him. We think the evidence, exclusive of the evidence here in question, was sufficient to support a conviction. Furthermore, the evidence was such that the trial judge could, without abusing his discretion, say that, if the judgment was vacated with the evidence in question deducted, it is reasonably apparent to the judicial mind that the remaining evidence would probably not produce a different verdict. See, in this connection, *Jackson* v. *State,* 56 *Ga. App.* 250, 256 (192 S. E. 454).

In 24 C. J. S. 147, § 1606, it is stated: "The writ of error coram nobis will not lie where there is another adequate remedy, as by motion for new trial or in arrest of judgment, appeal, or motion to recall the remittitur. A writ of error coram nobis lies for an error of fact not apparent on the record, not attributable to the accused's negligence, and which, if before the court, would have prevented rendition of the judgment." In Billups *v.* Freeman, 5 Arizona, 268 (52 Pac. 367), it is said: "The office of the ancient remedy of a writ of error coram nobis was to have a judgment corrected by an examination by the court rendering it, into some question of fact affecting the validity and regularity of the proceedings, such as the death of one of the parties before verdict or judgment, or the infancy, insanity, or coverture of the defendant, and which was not made an issue and determined in the action. No error of a court in applying the law to the facts could be rectified by means of the writ, nor could any error of fact which was adjudicated in the action be reviewed. Kemp *v.* Cook, 79 Am. Dec. 681. The writ has become obsolete, having been superseded by the modern practice of applying to the court by motion for the relief sought. Pickett *v.* Legerwood, 7 Pet. 144; Association *v.* Fassett, 102 Ill. 315. We are not disposed to encourage the digging into the moldering dust heaps of the past for worn-out and discarded remedies, or to sanction in the future the practice of applying to this court in this manner for relief, which can more speedily and as efficaciously be had by the simple remedy of motion. We have, however, in the present instance, chosen to consider the application for the writ as though it was a motion to vacate the judgment, upon those facts which could have been reviewable under

the writ of coram nobis." In People *v.* Ogbin, 368 Ill. 173 (13 N. E. 2d, 162), it was ruled: "The function of the writ of error coram nobis was to bring the attention of the court to and obtain relief from errors of fact such as the death of either party pending the suit and before judgment therein; or infancy, where the party was not properly represented by guardian; or coverture, where the common-law disability still exists; or insanity at the time of the trial; or a valid defense existing in the facts of the case, but which, without negligence on the part of the defendant, was not made, either through duress or fraud, or excusable mistake, these facts not appearing on the face of the record and being such as, if known in time, would have prevented the rendition and entry of the judgment. People *v.* Bruno, 346 Ill. 449 (179 N. E. 129). It is an appropriate remedy in criminal cases to set aside a conviction obtained by duress or fraud, or where, by some excusable mistake or ignorance of the accused, and without negligence on his part, he has been deprived of a defense which he could have made at his trial, and which, if known to the court, would have prevented a conviction." And in *Miraglia* v. *Bryson,* 152 *Ga.* 828 (111 S. E. 655), it was held that, "The general principle obtains that a court can not set aside or alter its final judgment after the expiration of the term at which it was entered, unless the proceeding for that purpose was begun during the term. United States *v.* Mayer, 235 U. S. 55, 67 (35 Sup. Ct. 16, 59 L. ed. 129); *Alley* v. *Halcombe,* 96 *Ga.* 810 (22 S. E. 901). There are exceptions to the above rule: (a) A party can make a motion to reinstate a case, after the expiration of the term at which the order of dismissal was entered, when he can make the same excuses for delay as must be shown in making an extraordinary motion for new trial. *Austin* v. *Markham,* 44 *Ga.* 161; *Watkins* v. *Brizendine,* 111 *Ga.* 458 (36 S. E. 807). (b) The court at a subsequent term can correct such matters as are reviewable in writs of error coram nobis or coram vobis, for which the proceeding by motion is the modern substitute. U. S. *v.* Mayer, 235 U. S. 55, 68 (supra). (c) Where a plaintiff is dead when suit is dismissed, a motion by an administrator at a subsequent term of the court is the proper form of proceeding to have it reinstated, there being no administration on the estate of the plaintiff in time to make such motion during the term at which the judgment or dismissal was entered. Armstrong *v.* Nixon, 16 Tex.

610. This is so because the judgment rendered under such circumstances is generally a nullity. This case falls within this exception." In Cross *v.* Gould, 131 Mo. App. 585 (110 S. W. 672), it was stated: "The writ would lie at common law when the court had proceeded in a case as though a fact which was material to its right to proceed existed, when it did not exist, and when the absence of the fact assumed to exist entirely defeated the power of the court to attain a valid result in its proceeding. . . It may be taken as a proposition settled entirely beyond controversy in the law of this country and England that the writ of error coram nobis does not go to errors arising on facts submitted to a jury, referee, or to the court sitting as a jury to try the issues of fact." In Nickels *v.* State, 86 Fla. 208, 210 (4) (98 So. 497, 99 So. 121), it was said: "A writ of coram nobis will lie when it is necessary for the accused to bring some new fact before the court which can not be presented in any of the methods provided by statute, but it will not lie in cases covered by statutory provisions." See also Collins *v.* State, 66 Kan. 201 (71 Pac. 251, 60 L. R. A. 572, 97 Am. St. R. 361).

The general principle obtains that the method of reviewing a case tried in the criminal court of Fulton County is by certiorari, or a motion for a new trial, or an extraordinary motion for a new trial, with no provision for a second certiorari. *Citizens Banking Co.* v. *Paris,* 119 *Ga.* 517 (46 S. E. 638). And even if the criminal court of Fulton County can correct such matters as are reviewable in writs of error coram nobis (for which the proceeding by motion is the modern substitute) at a term subsequent to the trial term, nevertheless, in the instant case, the judge did not err in sustaining the demurrer to the motion, which the plaintiff denominated a writ of error coram nobis, for all of the facts stated as a ground for relief in the defendant's motion were facts which were apparent on the face of the written evidence in question which was introduced without objection and which in the exercise of due care, should have been known to the defendant at the time of the trial. The defects in the affidavit and the accusation would have been apparent to the defendant or his counsel upon a casual observation thereof. If the defendant in the instant case suffered improper evidence to be admitted without objecting to it at the time it was offered, his failure to do so amounted to a waiver of the

objection. *Low* v. *Commissioners of Pilotage, R. M. Charlton,* 302; *Haiman* v. *Moses,* 39 *Ga.* 708, 712; *Harrison* v. *Young,* 9 *Ga.* 359 (7); *Brown* v. *Robinson,* 25 *Ga.* 144; *Wallon* v. *Twiggs,* 91 *Ga.* 90 (16 S. E. 313); *Massee* v. *Parrott,* 29 *Ga. App.* 109 (4) (114 S. E. 225); .64 C. J. 168, § 190; *Jasper County* v. *Butts County,* 147 *Ga.* 672 (95 S. E. 254).

The facts alleged in the motion here, whether the motion be called a writ of error coram nobis or by any other name, were not brought to the attention of the court, either because the defendant did not wish to do so or because he was negligent in not discovering the defects. Therefore he was not entitled to the relief sought, and the trial court properly denied the motion. ·

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*