## 40032. RILEY v. THE STATE.

FRANKUM, Judge. 1. A writ of error coram nobis does not lie to correct defects in a proceeding which were known to the party or his counsel at the time of the trial or which were apparent on the face of the record and could have been taken advantage of by a motion to dismiss the proceeding or by demurrer. *South v. State*, 72 Ga. App. 79 (33 SE2d 23). Neither is such writ available where the party seeking it has an adequate statutory remedy. *Randall v. Whitman*, 88 Ga. App. 803 (1) (78 SE2d 78).

2. A motion to set aside the verdict and judgment is not an appropriate remedy in a criminal case. *Gravitt v. State*, 165 Ga. 779 (142 SE 100) ; *Claughton v. State*, 179 Ga. 157 (175 SE 470) ; *Waits v. State*, 204 Ga. 295 (49 SE2d 492).

3. In this case the defendant was convicted on counts 1 and 2 of a four-count indictment charging four separate similar offenses. By a motion which he denominated a "Writ of Error Coram Nobis" and "Motion to Vacate Judgment," filed after the term of court at which he was convicted and sentenced, the defendant sought to have the court set aside his conviction on count 2 under which he was sentenced to serve a term in the penitentiary consecutively to the term imposed under count 1. If the conviction under count 2 was null and void as contended by the defendant in his motion, he has a complete and adequate remedy to secure a release by a writ of habeas corpus whenever the prison authorities seek to confine him pursuant to the sentence imposed under that count. *McDonald v. State*, 126 Ga. 536 (55 SE 235) ; *Gravitt v. State*, 165 Ga. 779, supra.

4. The judge of the superior court did not err in denying the motion.

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*

DECIDED APRIL 16, 1963.

*Edward B. Everett*, for plaintiff in error.

*William T. Boyd, Solicitor General, Frank S. French, Eugene L. Tiller*, contra.