### 24250. JACKSON v. DUTTON, Warden.

UNDERCOFLER, Justice. Edward Nathaniel Jackson brought this action of habeas corpus in the City Court of Reidsville against A. L. Dutton, Warden of the Georgia State Prison, for his release. On August 2, 1963, in Fulton Superior Court, the petitioner was convicted of murder and was sentenced to death. The conviction was affirmed by this court. *Jackson v. State,* 219 Ga. 819 (136 SE2d 375). The Georgia Pardon and Parole Board commuted the sentence to life imprisonment on March 19, 1965. The petitioner in his amended application for habeas corpus filed on December 12, 1966, alleges that his conviction was illegal because: (1) he was arrested without probable cause and without a warrant having been issued; (2) he was held for a period of two and one-half months prior to his trial without a commitment hearing, deprived of an opportunity to employ his own counsel, that his appointed counsel was inexperienced and that his health adversely affected his ability to try the case; (3) he was illegally convicted by false testimony of a co-defendant obtained by the State with threats and promises; (5) he was illegally convicted by the false representation of the State that certain clothes belonging to the co-defendant were those of the petitioner; (6) that members of petitioner's race and color were

and had been systematically excluded from service on the grand jury which indicted the petitioner and from the traverse jury which convicted him. After a hearing the lower court denied the writ and the appeal is from that judgment. *Held:*

1. "The writ of habeas corpus is never a substitute for a review to correct mere errors of law. *McKay v. Balkcom,* 203 Ga. 790 (48 SE2d 453), and cases cited therein. It is an available remedy to attack a void judgment." *Sims v. Balkcom,* 220 Ga. 7, 9 (1) (136 SE2d 766); *Moore v. Dutton,* 223 Ga. 585. Therefore none of the errors alleged is subject to review except the error relating to the competency of the trial counsel.

2. The evidence shows that the petitioner was represented by a duly qualified member of the Georgia Bar who was competent to represent and did represent the petitioner in a professional and capable manner. *Hill v. Balkcom,* 213 Ga. 58 (1) (96 SE2d 589).

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 12, 1967—DECIDED SEPTEMBER 21, 1967— REHEARING DENIED OCTOBER 5, 1967.

*Howard Moore, Jr.,* for appellant.

*Arthur K. Bolton, Attorney General, B. D. Dubberly, Jr., Deputy Assistant Attorney General, Marion O. Gordon, Assistant Attorney General, Joel C. Williams, Jr.,* for appellee.