## 42965. JOHNSON v. THE STATE.

PANNELL, Judge. 1. The appeal in the present case is from a judgment of conviction and sentence charging the transportation and possession of "nontax-paid" liquor. The first enumeration of error is as follows: "First: Because the allegations of the accusation . . . did not charge defendant with any offense under the laws of Georgia, and under the allegations thereof, defendant was not guilty of any offense under laws of Georgia. It was not necessary for defendant to demur—the accusation was void upon its face and the trial a nullity." The Court of Appeals is a court for the "trial and correction of errors of law from" such lower courts as is provided for in Art. VI, Sec. II, Par. VIII of the Constitution of this State. *Code Ann.* § 2-3708. The first enumeration of error assigns no error on the action of the trial

court or on any ruling, order or judgment made or entered by him. It therefore raises no question for consideration by this court. If the accusation be void, the judgment could have been arrested upon motion made during the term at which the verdict was rendered, or the prisoner may be discharged upon a writ of habeas corpus after the term, if no question as to validity of the indictment was adjudicated during the trial. *McDonald v. State,* 126 Ga. 536 (55 SE 235); *Riley v. Garrett,* 219 Ga. 345, 349 (133 SE2d 367); *Riley v. State,* 107 Ga. App. 639 (3) (131 SE2d 124); *Pope v. State,* 116 Ga. App. 271; *Code* § 27-1601.

2. The notice of appeal was filed with the clerk of the lower court on April 25, 1967. The transcript of the proceedings was filed with the clerk of the lower court on June 1, 1967, more than 30 days thereafter. No order appears in the record extending the time for filing the transcript. Passing over the question of whether the entire appeal should be dismissed because of the late filing of the transcript of the proceedings (*Davis v. Davis,* 222 Ga. 579 (151 SE2d 123); *Threatt v. McElreath,* 223 Ga. 153 (154 SE2d 20); *Fleming v. Sanders,* 223 Ga. 172 (154 SE2d 14); *Joiner v. State,* 223 Ga. 367 (155 SE2d 8)), it is apparent from these decisions that the transcript of the proceeding cannot be considered by this court in passing on the enumerations of error requiring a consideration thereof. This eliminates all of the enumerations of error except the first one. See *Cook v. State,* 116 Ga. App. 304.

3. The judgment appealed from must, therefore be affirmed.

*Judgment affirmed. Bell, P. J., and Whitman, J., concur.*

SUBMITTED JULY 10, 1967—DECIDED SEPTEMBER 29, 1967.

*Casey Thigpen,* for appellant.

*Thomas A. Hutcheson, Solicitor,* for appellee.