## 43086. MOORE v. THE STATE.

BELL, Presiding Judge. After the terms of court at which the prisoner pleaded nolo contendere and was sentenced for the offense of kidnaping, he filed a motion captioned "Extraordinary Motion for Relief." The motion, contending that the indictment was void because of systematic exclusion of Negroes from the grand jury and that the plea of nolo contendere was coerced, prayed that the judgment be set aside or that the sentence be commuted to the time already served. *Held:* The prisoner could have filed a challenge to the array of grand jurors before indictment; and upon arraignment he could have filed a plea in abatement attacking the indictment because of the exclusion of Negroes from the grand jury. As to the time of filing the appropriate pleading, compare *Blevins v. State,* 220 Ga. 720, 724 (141 SE2d 426); Reece v. Georgia, 350 U. S. 85, 87 (76 SC 167, 100 LE 77); Whitus v. Balkcom, 333 F2d 496. And the prisoner could have made a motion to withdraw his plea of nolo contendere at any time before expiration of the term at which judgment was entered. See *Strickland v. State,* 199 Ga. 792 (35 SE2d 463). However, the general rule is that after expiration of the term at which the judgment was entered a court cannot set aside or alter its final judgment unless the proceeding for that purpose was begun during the term. *Miraglia v. Bryson,* 152 Ga. 828 (2, 3) (111 SE 655); *South v. State,* 72 Ga. App. 79, 82 (33 SE2d 23). A motion to set aside the judgment is not an appropriate remedy in a criminal case. *Gravitt v. State,* 165 Ga. 779 (142 SE 100); *Claughton v. State,* 179 Ga. 157 (175 SE 470); *Waits v. State,* 204 Ga. 295 (49 SE2d 492); *McRae v. State,* 116 Ga. App. 407 (1) (157 SE2d 646). If the prisoner's detention is unlawful because the indictment is void or because his plea of nolo contendere was coerced, his remedy is by writ of habeas corpus. See *Southern Express Co. v. Lynch,* 65 Ga. 240, 245; *McDonald v. State,* 126 Ga. 536 (55 SE 235); *Grammer v. Balkcom,* 214 Ga. 691 (2) (107 SE2d 213); *Riley v. State,* 107 Ga. App. 639 (2, 3) (131 SE2d 124); *Pope v. State,* 116 Ga. App. 271 (157 SE2d 132); *Johnson v. State,* 116 Ga. App. 406 (1) (157 SE2d 773); Whitus v. Georgia, 388 U. S. 545 (87 SC 643, 17 LE2d 599). The prisoner's "Extraordinary Motion for Relief" filed after expiration of the term and seeking to set aside or alter the judgment on

the basis of facts aliunde the record was a mere nullity. It was not error to deny the motion without a hearing.

*Judgment affirmed. Pannell and Whitman, JJ., concur.*

SUBMITTED SEPTEMBER 7, 1967—DECIDED DECEMBER 5, 1967.

Donald E. Moore, *pro se*, *William L. Gower*, for appellant.

*Lewis R. Slaton*, Solicitor General, *J. Walter LeCraw*, for appellee.