27852. SIMS v. STATE OF GEORGIA.

SUBMITTED APRIL 9, 1973 — DECIDED MAY 10, 1973.

*Robert D. Peckham,* for appellant.

MOBLEY, Chief Justice. Joseph Howard Sims filed a pro se "petition to vacate judgment and sentence, for writ of error coram nobis, or other appropriate relief" in Clarke Superior Court against the State of Georgia, seeking to vacate a guilty plea to the charge of assault with intent to murder entered by him in that court on July 18, 1966, and to set aside the sentence imposed thereon. It was alleged by the petitioner that the guilty plea was not knowingly, willingly, and voluntarily entered because he was insane at the time.

Counsel was appointed to represent the petitioner.

After hearing, the judge found that the only form of post conviction relief available in the courts of Georgia is habeas corpus; that the petitioner had been released from state confinement on parole, and thereafter the Georgia Pardon and Parole Board had discharged the petitioner from the parole, such termination having occurred prior to the filing of the petition to vacate the plea and sentence; and that the petitioner was not a person "whose liberty is being restrained by virtue of a sentence imposed . . . by a State court of record" (Ga. L. 1967, pp. 835, 836; Code Ann. § 50-127), within the meaning of our habeas corpus statute. The petition was dismissed, and the appeal is from this judgment.

The trial judge properly treated the petition as one for habeas corpus, since a motion to set aside a verdict and judgment is not an appropriate remedy in this state in a criminal case. *Waits v. State,* 204 Ga. 295 (1) (49 SE2d 492).

The record shows that the appellant was convicted in a federal court, and sentenced to 10 years confinement, prior to his sentence in the state court. Shortly thereafter he entered a guilty plea in Clarke Superior Court on the charge of assault with intent to murder, served over four years on that sentence, and was then paroled. While on parole he was confined by the federal government on the sentence imposed in the federal court, and he is still in confinement in the federal penitentiary. He was completely discharged from the state sentence prior to bringing his petition to have that sentence vacated.

In Carafas v. La Vallee, 391 U. S. 234 (88 SC 1556, 20 LE2d 554), it was held that under the federal habeas corpus statutory scheme, once federal jurisdiction has attached in the district court, it is not defeated by the petitioner's release from his sentence before completion of the habeas corpus proceedings. It was pointed out that the federal habeas corpus statute requires that the applicant must be "in custody" when the application is

filed, but that the statute does not limit the relief that may be granted in such proceedings to the discharge of the applicant from physical custody.

The Carafas case, supra, does not control the present case. The appellant had been discharged from all state restraint prior to filing his petition for post-conviction relief.

The trial judge did not err in dismissing the petition. *Judgment affirmed. All the Justices concur.*