29016. PARRIS v. THE STATE.

HALL, Justice.

Charles William Parris appeals from the denial by the Fulton County Superior Court of the relief requested in his pleading filed therein entitled "Writ of Error Coram Nobis in Forma Pauperis." Alleging in that pleading that he was in custody of federal authorities of the United States Penitentiary in Atlanta, Parris asked that his 1948 Fulton Superior Court conviction for burglary, the sentence for which had been fully served or otherwise terminated, be declared null and void under the authority of Gideon v. Wainwright, 372 U. S. 335 (83 SC 792, 9 LE2d 799, 93 ALR2d 733) (ruled fully retroactive in Pickelsimer v. Wainwright, 375 U. S. 2 (84 SC 80, 11 LE2d 41)) because at the time of entering his guilty plea Parris was denied his right to counsel. The pleading further indicated that the burglary conviction was considered by the federal district court in

enhancement of Parris' present sentence and that he wished to pursue a remedy in federal court under the authority of United States v. Tucker, 404 U. S. 443 (92 SC 589, 30 LE2d 592) wherein petitioner was granted a federal court resentencing where it appeared that the sentencing court considered three previous felony convictions two of which were constitutionally invalid having been obtained in violation of the right to counsel. Parris alleged that he desired to present to federal authorities in support of his claim an adjudication that the state burglary conviction was void. The superior court, concluding that there was no justiciable controversy pending between Parris and the state, denied the relief sought, and Parris appeals.

Because the nature of Parris' claim is clear and apparent from the face of his pro se pleading and his notice of appeal, the motion of the state to dismiss the appeal for failure to file a formal enumeration of errors and brief is denied. Code Ann. § 6-809 (d). Though this is an unusual case, we conclude that Parris' claim of restraint of his liberty is reachable by the Great Writ, and accordingly we reverse and remand to the superior court with direction to treat the claim as a petition for habeas corpus.

Initially, we note the inappropriateness of the writ of error coram nobis. Such a writ lies for an error of fact not apparent on the face of the record, not attributable to the negligence of the accused and which, if before the court, would have prevented rendition of the judgment. *Petree v. State,* 127 Ga. App. 493 (194 SE2d 267); *South v. State,* 72 Ga. App. 79 (33 SE2d 23). We have here not an asserted error of fact but a subsequent retroactive change in the law concerning right to counsel. In any event, a writ of error coram nobis is not available where the party seeking it has an adequate statutory remedy such as habeas corpus. *Riley v. State,* 107 Ga. App. 639 (131 SE2d 124); Code Ann. § 50-101 (c). Habeas corpus is an available remedy to attack a void judgment, *Jackson v. Dutton,* 223 Ga. 642, 643 (157 SE2d 286), and because Parris' pleading was filed in the county of his detention, it may be considered a petition for habeas corpus, see *Lee v. State,* 124 Ga. App. 492 (184 SE2d 229), if other

prerequisites have been met. We conclude that they have been.

The two interrelated problems here are whether Parris is "restrained of his liberty" within the meaning of Code Ann. § 50-101 (c), and whether the completion of the sentence imposed on the Fulton County conviction renders the claim for relief moot.

The boundaries of cognizable restraints on liberty have been often considered by federal courts in application of the federal habeas corpus statute, 28 U. S. C. § 2241 et seq., which requires that the applicant be "in custody" when the application is filed. "The statute 'does not attempt to mark the boundaries of "custody," ' and courts have long recognized that 'besides physical imprisonment, there are other restraints on a man's liberty, restraints not shared by the public generally, which have been thought sufficient . . . to support the issuance of habeas corpus.' Jones v. Cunningham, 371 U. S. 236, 238-240, 83 S. Ct. 373, 375-376, 9 L. Ed. 2d 285 (1963)." Schonbrun v. Commanding Officer, Armed Forces, 403 F2d 371, 373 (2d Cir. 1968). For example, a federal prisoner on whom state authorities have put a "hold" pursuant to a state conviction, is "restrained of his liberty" by reason of the state court conviction. Orito v. Powers, 479 F2d 435 (7th Cir. 1973). A prisoner serving consecutive sentences is "in custody" under any one of them for purposes of § 2241 (c) (3). Peyton v. Rowe, 391 U. S. 54 (88 SC 1549, 20 LE2d 426). A person released on his own recognizance is "in custody." Hensley v. Municipal Court, 411 U. S. 345 (93 SC 1571, 36 LE2d 294). In short, the old idea that immediate release from physical custody is the only remedy available under habeas corpus is dead. Carafas v. LaVallee, 391 U. S. 234 (88 SC 1556, 20 LE2d 554); Peyton v. Rowe, supra.

Turning to the issue of mootness, the Supreme Court has held in Carafas v. LaVallee, supra, that a habeas corpus petitioner's cause did not become moot simply because prior to the final adjudication he was unconditionally released from custody, if adverse collateral consequences of the conviction continued to plague him. Considering mootness in the constitutional sense, the court wrote that, "It is clear that petitioner's

cause is not moot. In consequence of his conviction, he cannot engage in certain businesses; he cannot serve as an official of a labor union for a specified period of time; he cannot vote in any election held in New York State; he cannot serve as a juror. Because of these 'disabilities or burdens [which] may flow from' petitioner's conviction, he has 'a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him.' [Cits.] On account of these 'collateral consequences,' the case is not moot. [Cits.]" Carafas v. LaVallee, supra, p. 237. (Footnotes omitted.) Similar results on analogous facts were reached in Lawrence v. Woods, 432 F2d 1072 (7th Cir. 1970), and Brown v. Resor, 407 F2d 281 (5th Cir. 1969).

Of course, both Carafas and Lawrence had been in physical custody under the sentences attacked at the time their petitions were filed, unlike Parris who claims to be in federal custody under a new sentence enhanced by the impact of the allegedly void, completed state conviction which he attacks here; but we conclude that this distinction is without significance to the legal result. To the extent to which it construes this distinction as determinative, *Sims v. State of Ga.*, 230 Ga. 589 (198 SE2d 298), is hereby overruled. We think that concepts of restraints on liberty and of non-mootness merge at the point where we consider collateral consequences of an allegedly void conviction even though the sentence be completely served. It is clear that Parris, if he can factually support his claim, is suffering collateral consequences in the nature of a due process violation if a void state conviction was used to enhance a federal sentence, because the Supreme Court has so decided: "To permit a conviction obtained in violation of Gideon v. Wainwright to be used against a person either to support guilt or enhance punishment for another offense . . . is to erode the principle of that case." Burgett v. Texas, 389 U. S. 109, 115 (88 SC 258, 19 LE2d 319). The mere fact that the state sentence has been completely served should no longer be a bar to attacking it through habeas corpus even though the petition is not initially filed until after the sentence is completed. This is the plain implication of Peyton v. Rowe: if one serving consecutive

sentences is "in custody" under any one of them, as that case ruled, this means that he may attack a completed, prior sentence, even though the most usual reading given that case emphasizes that it allows a prisoner to attack a future consecutive sentence—in itself a break with the past and with McNally v. Hill, 293 U. S. 131 (55 SC 24, 79 LE 238).

Not only do we conclude that the result we reach here is well supported by the leading edge of recent habeas corpus decisions, but we are further pursuaded to this view by the fact that a contrary decision—that is, Parris has presented no justiciable claim against the State of Georgia because he has completed service of the sentence which he attacks—would mean that Georgia declines to provide a means by which persons so situated may seek to redress legal grievances flowing from allegedly void convictions and thereby hope to escape lifelong adverse collateral consequences.

*Judgment reversed and remanded with direction. All the Justices concur.*

SUBMITTED JULY 12, 1974 — DECIDED SEPTEMBER 4, 1974.

Charles William Parris, *pro se.*
*Lewis R. Slaton, District Attorney,* for appellee.

GRICE, Chief Justice, concurring.

The writer concurred in *Sims v. State of Ga.,* 230 Ga. 589, supra, which held that a person discharged from all state restraint had no standing to bring a habeas corpus petition for post-conviction relief, and which distinguished Carafas v. LaVallee, 391 U. S. 234 (88 SC 1556, 20 LE2d 554).

On further consideration of the Carafas case, and later decisions of the United States Supreme Court, (particularly Sibron v. New York, 392 U. S. 40 (88 SC 1889, 20 LE2d 917); Strait v. Laird, 406 U. S. 341 (92 SC 1693, 32 LE2d 141) and Braden v. 30th Judicial Circuit Court of Kentucky, 410 U. S. 484 (93 SC 1123, 35 LE2d 443)), I am of the opinion that the United States Supreme Court has expanded the class of persons who may apply for

habeas corpus relief to include persons alleging void convictions, who are suffering collateral consequences of their sentences. The ruling in *Sims v. State of Ga.,* supra, does not conform to these decisions of the United States Supreme Court.

I therefore concur in the foregoing decision of this court.