A89A1120. THE STATE v. McCRARY.
(387 SE2d 10)

McMURRAY, Presiding Judge.

This case came before this Court upon an appeal from the Superior Court of Bibb County, Georgia, and upon a record formally certified and transmitted by the Clerk of that court. Appellee was found guilty, by a jury, on February 13, 1985, of three courts of statutory rape, and was sentenced on the same date, entered February 15, 1985, to 20-year terms on Counts 1 and 2 and a 10-year term on Count 3, all to run consecutively. Appellee appealed these convictions and same were affirmed on November 1, 1985, in *McCrary v. State*, 176 Ga. App. 683 (337 SE2d 442).

On June 1, 1987, appellee filed his pleading captioned "Motion to Set Aside Sentences on Counts 1 and 2" (it appears appellee intended this be on Counts 2 and 3).

This appeal involves review of the trial court's granting appellee's "Motion to Set Aside Sentences. . . ." At the outset of our consideration of this appeal, we are drawn to the established authority of the Supreme Court of Georgia that " '[a] motion to set aside a verdict and judgment is not an appropriate remedy in a criminal case.' *Claughton v. State*, 179 Ga. 157 (175 S.E. 470), citing *Brown v. State*, 150 Ga. 585 (104 S.E. 428); *McDonald v. State*, 126 Ga. 536 (55 S.E. 235); *Hughes v. State*, 159 Ga. 818 (5) (127 S.E. 109); *Gravitt v. State*, 165 Ga. 779 (3) (142 S.E. 100)." *Waits v. State*, 204 Ga. 295 (1) (49 SE2d 492). See *Lacey v. State*, 253 Ga. 711 (324 SE2d 471) (1985); *Crane v. State*, 249 Ga. 501 (292 SE2d 67) (1982). See also *Palmer v. State*, 144 Ga. App. 480 (1) (241 SE2d 597) (1978).

The initial problem with which we are confronted is how to properly treat the appellee's pleading in the trial court for purposes of this appeal in view of the foregoing authority. In *Sims v. State of Ga.*, 230 Ga. 589, 590 (198 SE2d 298), the Supreme Court held "[t]he trial judge [in that case] properly treated the petition as one for habeas corpus, since a motion to set aside a verdict and judgment is not an appropriate remedy in this state in a criminal case. *Waits v. State*, 204 Ga. 295 (1) [supra]." The Supreme Court of Georgia has held that habeas corpus would lie to attack a void judgment even though the sentence had been fully served. See *Parris v. State*, 232 Ga. 687 (208 SE2d 493), and *Smith v. State*, 234 Ga. 390 (216 SE2d 111).

Although there is no express language of the trial court treating appellee's pleading as one for habeas corpus, this Court is of the opinion that, as captioned, appellee's "Motion to Set Aside . . ." is not an appropriate remedy in this State and should be considered as one for habeas corpus. Consequently, this Court is of the opinion that under Art. VI, Sec. VI, Par. III (4), Const. of the State of Ga. of 1983 ("All habeas corpus cases . . ."), this case is one of which the Supreme Court of Georgia and not this Court has jurisdiction.

*Appeal transferred to the Supreme Court. Carley, C. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 25, 1989.

*Willis B. Sparks III, District Attorney, Thomas J. Matthews, Assistant District Attorney*, for appellant.
*James C. Bonner, Jr.*, for appellee.